Lane, C. J.
The question on the record is not new, but has often arisen here and elsewhere. In Tennessee, Kentucky, and Pennsylvania, possession, by the thief, of property in one state which has been stolen in another, is not held sufficient for conviction. Such has been the doctrine in New York, although against the opinion of a late chief justice; but the power to convict, in such cases, has now been given by statute. In Massachusetts and Connecticut, such convictions have always been sustained. In England, the original taking must be within the kingdom.
A majority of the court entertain the opinion that a long-sustained practice in the criminal courts of this state has settled the construction on this point and established the right to convict in such cases. But, if not settled by usage, we feel free to choose, between these conflicting practices, a course best sustained by analogy and best calculated to promote justice.
*It would afford a large immunity for crime if thieves from other states were exempted from any other penalty than the remote risk of being returned to the place where the crime was first committed. We feel no scruples in inflicting his punishment here, and are justified, as well by the cases cited as by holding each continued possession, in our jurisdiction, of property stolen within another, as a crime well deserving the penalty of the law.
Judgment affirmed.