GEORGE VAN BUREN ET AL. V. STATE OF NEBRASKA.

FILED JUNE 18, 1902.   No. 12,652.

1. **Preliminary Hearing.** The preliminary hearing of a person accused of a felony, provided for by the Criminal Code, is in no sense a trial in which the rights of the accused in respect of his guilt or innocence are adjudicated and determined.

2. ———: OBJECT AND PURPOSE. The preliminary examination provided for is to ascertain whether the crime charged has been committed and, if so, whether there is probable cause to believe the accused committed it, and if such is found to be the case, to enforce his presence in the district court to answer the charge by either requiring the accused to enter into a recognizance for his appearance in the district court to answer the charge, or in default thereof, committing him to imprisonment to await trial in the district court.

3. ———: DISMISSAL. Where a person who is charged with a felony is brought before an examining magistrate for the purpose of a preliminary hearing, the complainant at such hearing may dismiss or abandon such proceedings, and file a complaint for the same offense before another magistrate having authority to inquire into the charge; and upon such inquiry, the accused may be recognized to appear at the district court to answer such charge, and in default of such recognizance be committed to prison to await trial.

4. **Second Preliminary Hearing.** And likewise a second preliminary hearing may be had where the first has resulted in a discharge of the accused.

5. **District Judge as Examining Magistrate.** A district judge, within his district, is authorized to exercise the powers of examining magistrates generally, with respect to preliminary hearings of persons accused of the commission of a felony.

6. **Larceny:** BRINGING GOODS INTO STATE. The bringing into this state of goods or property stolen in another state is not larceny. *People v. Loughridge*, 1 Nebr., 11.

7. **Instruction.** Instruction set out in the opinion authorizing a conviction of the crime of larceny, where property has been stolen in another state and brought by the thief into this state, *held* erroneous.

ERROR from the district court for Cherry county. Tried below before WESTOVER, J. *Reversed.*

*Allen G. Fisher,* for plaintiffs in error.

*Frank N. Prout, Attorney General,* and *Norris Brown,* for the state.

HOLCOMB, J.

The plaintiffs in error, McLaughlin and Van Buren, who were defendants in the trial court, were informed against and by the verdict of a jury found guilty of stealing a mare of the value of $15, the personal property of one John Ray; the larceny charged being alleged to have been committed in Cherry county. After the overruling of a motion for a new trial and a motion in arrest of judgment, the defendants were sentenced to imprisonment in the penitentiary for a period of seven and five years, respectively, and adjudged to pay the costs of prosecution. By proceedings in error the defendants bring the record of conviction here for review. Many alleged errors are assigned as grounds for reversal of the judgment of the trial court, a few only of which will be noticed and considered.

The preliminary examination for the purpose of inquiring whether an offense had been committed, and whether there was probable cause to believe the defendants guilty thereof, was had before the judge of the district court sitting as an examining magistrate. It appears from the record that a complaint charging the defendants with the crime, of which they were afterwards convicted in the district court, was filed with the county judge of Cherry county, who issued a warrant thereon and after the arrest of the defendants, and their appearance before him, on their application, granted a continuance of the hearing on the complaint charging them with the commission of the alleged offense, for a period of thirty days, whereupon another complaint, charging the same offense, was filed with a justice of the peace acting as an examining magistrate, upon which a warrant was issued, and the defendants brought before him for a preliminary hearing. On the

defendants' application the justice of the peace granted a change of venue to another justice in a distant part of the county. A third complaint was then immediately filed with the district judge, and the defendants brought before him, where a preliminary hearing was had, resulting in their being held to the district court to answer the charge preferred against them. After the filing of an information against them in the district court, the defendants presented a plea in abatement on the grounds that the district judge had no jurisdiction or authority to act as an examining magistrate and also because of the proceedings had before the county judge and justice of the peace alluded to. It was objected that the preliminary hearing of the charge preferred against them was yet pending and undetermined, and that the filing of an information in the district court under such circumstances was without warrant or authority of law, and therefore invalid. The record, we are prone to say, presents in this regard an extraordinary condition of affairs, and shows an undue activity on the part of the prosecution to force the defendants into a preliminary hearing without having a due regard to their rights, or the proprieties which should characterize proceedings of the kind then engaged in. We apprehend the spirit of the law requires that such proceedings should be conducted with deliberation and with every reasonable opportunity accorded to those accused of crime to show either that no offense has been committed, or that there is no probable cause for believing them guilty of the offense charged. The state, with all the powers at its command, should not be made an instrument of oppression, nor be permitted to resort to unnecessarily harsh measures in order to bring an accused to a speedy trial, who, although accused of crime, is presumably innocent until guilt is established in the manner provided by law. A preliminary hearing, however, is in no sense a trial in which defendant's rights, in respect of their guilt or innocence, are adjudged, determined or prejudiced, whether a hearing results in the discharge of an accused person, or

22

in holding him to appear at the district court to answer the accusation made against him. *In re Garst,* 10 Nebr., 78; *Latimer v. State,* 55 Nebr., 609. .The preliminary examination is to ascertain whether the crime charged has been committed, and, if so, whether there is probable cause to believe the accused committed it, and, if such is found to be the case, to enforce his presence in the district court to answer the charge, by either requiring the accused to enter into a recognizance for his appearance in the district court to answer the charge, or, in default thereof, committing him to imprisonment to await trial in the district court. *Latimer v. State, supra.* It is not required that the accused, where a complaint is filed charging the commission of a felony, shall be taken before the magistrate issuing the warrant, but he may be taken before any magistrate having authority to make inquiry as to the truth of the complaint, and whether there is probable cause for believing the accused guilty of the offense charged. Nor do we think it can be doubted that in proceedings of this character the complainant may dismiss or abandon his proceedings, and thus leave the accused as though no preliminary hearing had been held or was pending. Likewise, if a hearing has been had which results in a discharge of the accused, the proceedings so had would be no bar to the filing of another complaint, and another preliminary hearing thereon for the same offense before the same or another magistrate. In the case at bar, in legal effect and in contemplation of law, it should be held, as it seems to us, that the complainant abandoned and dismissed the proceedings had and begun before the county judge and the justice of the peace for the purpose of having a preliminary inquiry or hearing before the district judge sitting as an examining magistrate, and that such prior proceedings were in no sense a trial or an adjudication of the defendants' rights, and in nowise militated against the right or authority of the district judge to engage in such preliminary hearing and make such order as appeared to be justified by the evidence produced thereat. The defendants could very

properly plead in abatement to an information filed against them that they had had no preliminary hearing, but not that more complaints were filed against them before examining magistrates than the law contemplates in providing for a preliminary hearing before a trial in the district court.

As to the authority of the district judge to sit as an examining magistrate, and require persons accused of crime to enter into a recognizance for their appearance in the district court to answer the crime charged against them, or, in default thereof, to commit them to prison in order to secure their presence in the district court to answer such charge, we think this must be answered in the affirmative, under the provisions of section 262 of the Criminal Code. It is there provided: "The judges of the district courts in their respective districts, and the magistrates mentioned in section two hundred and sixty, in their respective counties, shall jointly and severally be conservators of the peace within their respective jurisdictions, and shall have full power to enforce or cause to be enforced all laws that now exist or that shall hereafter be made for the prevention and punishment of offenses, or for the preservation and observance of the peace. The said judges of the district courts shall have the same powers to require securities for the keeping of the peace, and the good behavior, and bail for appearance in courts to answer complaints to keep the peace, and for crimes and offenses committed in their respective districts as any of the magistrates aforesaid have in their respective counties." This section gives ample authority to the district judge within his district for the exercise of the same powers as examining magistrates generally in the examination of persons accused of crime, and to require their commitment or admission to bail to answer in the district court the charges preferred against them. *State v. Dennison,* 60 Nebr., 192.

On the trial of the case in the district court there was evidence introduced tending to establish the fact that the mare, if stolen at all, was stolen in the state of South Da-

kota, and thereafter brought into this state, where she was traded by the defendants, as their own property, to a third party for another horse. In view of the evidence of the tendency and character mentioned, the trial court gave to the jury the following instruction: "You are instructed that there is some evidence tending to show that the mare in question was upon the Sioux Indian reservation in South Dakota, sometime previous to her being stolen and should you find from the evidence that she was stolen while running upon the prairie on the Indian reservation in South Dakota, and was afterwards brought into Cherry county and traded to the witness Dunbar, as shown by the evidence, then you are instructed that the larceny of said mare would be as complete in all respects as if she had been taken from the prairie or range in Cherry county, Nebraska, before she was so traded." This instruction is clearly erroneous under the law of this state as held and announced in the case of *People v. Loughridge,* 1 Nebr., 11, where it is declared: "The bringing into this state, by the thief, of goods stolen in another state, is not larceny." While the courts of last resort of the different states are not altogether in harmony on the question of whether the asportation of stolen property from one state into another will constitute the crime of larceny in the state in which such property is brought, without any statutory enactment on the subject, we find by examination of the authorities on both sides of the question no good or sufficient reason for overruling the case of *People v. Loughridge, supra,* or departing from the law as therein enunciated. While it is the rule that where property is stolen in one county of the state, and the thief is afterwards found in another with the stolen property in his possession, he may be indicted and convicted in either county, but not in both (*Stanley v. State,* 24 Ohio St., 166, 170), the reason for the rule, it would seem, on principle, would not extend to different states exercising jurisdiction entirely independent of each other, or to any one of the different states of the Union and foreign countries. The theory of the

law, which treats each asportation of the property stolen in different places or counties in the same jurisdiction as the commission of the crime of larceny in any county where taken, is a constructive doctrine derived from the common law, and is held to for the purpose of giving the county where the thief is taken with the goods or property stolen jurisdiction to try and convict him of the original offense; such conviction being a bar to another, and the larceny being regarded as a continuing offense against the laws of the state; the venue merely fixing the place of trial. But under the common law the rule is that when goods are stolen in one country and brought by the thief into another, the courts in the latter country are without jurisdiction to try and punish for the crime so committed. Even those courts of the different states of the Union which hold to the doctrine or rule as announced in the instruction copied herein, as to a larceny being committed in the state when stolen property is brought therein from another state, hold to the rule that, if the property is brought into such state from a foreign country, the crime of larceny is not committed in the state to which it is brought, and the courts of such state have no jurisdiction to try and punish the offender for the crime so committed in a foreign country. *Commonwealth v. White,* 123 Mass., 433; *Stanley v. State,* 24 Ohio St., 166. As is said in *People v. Loughridge, supra,* the different states are altogether as independent of each other in point of jurisdiction as in the case between one state and a foreign country, or as between two foreign countries. Holding to the same doctrine and views as heretofore expressed by this court are the following: *State v. Brown,* 1 Haywood [N. Car.], 116; *State v. Reonnals,* 14 La. Ann., 276; *Beal v. State,* 15 Ind., 378; *Lee v. State,* 64 Ga., 203; *State v. Le Blanch,* 31 N. J. Law, 82; *State v. McCoy,* 42 La. Ann., 228; *Kiser v. Woods,* 60 Ind., 538; *Simmons v. Commonwealth,* 5 Binn. [Pa.], 617; *People v. Gardner,* 2 Johns. [N. Y.], 477; *People v. Schenck,* 2 Johns. [N. Y.], 479; *Simpson v. State,* 23 Tenn., 455. We can not perceive how it may rightfully

be said that property stolen in South Dakota or in any other of the several states, and brought into this jurisdiction, can be said to have been stolen and a crime committed contrary to the laws of this state, in the absence of legislation making such action a crime. That the legislature may declare the bringing into this state property stolen in another an offense, and provide suitable punishment therefor is abundantly supported by the authorities, but this phase of the subject is not before us. The very essence of the crime of larceny is a felonious taking and removing of the property stolen, the taking being the chief factor or principal ingredient of the crime. There can be no crime unless there is a felonious taking, and the taking is the act by which control and dominion of the thing stolen is gained by the thief, and lost to the owner. Having possession of the property after being feloniously taken, or removing it from place to place after the commission of the crime, can not be said, in the ordinary sense of the word, to be a new taking or the commission of a new offense. To adopt the rule that the removal of stolen property from one state to another constitutes the crime of larceny in the latter, is to establish the doctrine that a person committing the offense may be found guilty and be punished twice or thrice for the one offense, which is contrary to the most elementary principles of criminal jurisprudence. It would deprive a defendant and accused, many times, of compulsory process for the attendance of witnesses to testify in his behalf. It would deprive him of the right to trial by a jury of his peers of the vicinage where the crime was committed. If the crime of larceny has been committed in our sister state of South Dakota, it is for those intrusted with the enforcement of law in that state to proceed under the law to bring the guilty parties to trial and punishment. It is for us to enforce the laws of this state, and properly proceed against and punish any found guilty of a violation thereof.

The instruction copied in the opinion being prejudicially erroneous, and authorizing a conviction where no

offense against laws of this state has been committed, the judgment of imprisonment and for costs must for that reason be reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

NOTE.—*Larceny—Asportation from One State to Another.*—A thief, who steals goods in another state and sends them into Massachusetts by an agent, not an accomplice in the theft, may be indicted for larceny in the latter state. *Commonwealth v. White*, 123 Mass., 430. Similar indictments have been upheld in *State v. Ellis*, 3 Conn., 185; *Cummings v. State*, 1 Harr. & J. [Md.], 340; *Hamilton v. State*, 11 Ohio St., 435; *State v. Bartlett*, 11 Vt., 650. *Contra: People v. Gardner*, 2 Johns. [N. Y.], 477; *People v. Schenck*, 2 Johns. [N. Y.], 479; *State v. Brown*, Haywood [N. Car.], 100; *Simmons v. Commonwealth*, 5 Bin. [Pa.], 617— in which the English doctrine is discussed at great length; *Simpson v. State*, 4 Humph. [Tenn.], 455—changed by statute, Tenn. Code, sec. 4977; *Henry v. State*, 7 Coldw. [Tenn.], 333.—W. F. B.

