**STATE of Iowa, Appellee,**

v.

**Shirley BUTTOLPH, Appellant.**

No. 55281.

Supreme Court of Iowa.

Dec. 20, 1972.

Rehearing Denied April 18, 1973.

Upton B. Kepford, Waterloo, for appellant.

Richard C. Turner, Atty. Gen., Robert D. Jacobson, Asst. Atty. Gen., and David J. Dutton, Black Hawk County Atty., for appellee.

Heard before MOORE, C. J. and LeGRAND, REYNOLDSON, HARRIS and McCORMICK, JJ.

LeGRAND, Justice.

Following her conviction for obtaining money by false pretenses in violation of section 713.1, The Code, 1966, defendant was sentenced to a term of not more than seven years in the Women's Reformatory. She appeals from that judgment, and we affirm the trial court.

This is defendant's second appeal to this court. She had earlier been convicted

jointly with her brother, Dale Armstrong. We reversed that conviction as to both defendants in State v. Armstrong and Buttolph, 183 N.W.2d 205 (Iowa 1971). On remand the cases were severed and, coincidentally, Armstrong's appeal from his separate conviction on re-trial has also been affirmed today.

■ Defendant assigns as grounds for reversal the claim that she "did not receive a fair trial and was deprived of due process of law and there was not sufficient competent evidence upon which to base a conviction." This catch-all assignment does not conform to rule 344, Rules of Civil Procedure, which is also applicable to criminal appeals. See State v. Masters, 171 N.W.2d 255, 257 (Iowa 1969). We expressed dissatisfaction over this same unsatisfactory procedure in State v. Armstrong, Iowa, 203 N.W.2d 269 (filed December 20, 1972). The criticism voiced there is equally applicable here. The inexcusable failure to comply with our rules does little to assist in the orderly and efficient disposition of the ever-increasing volume of cases with which we must deal.

Our own search of the record and transcript discloses defendant's complaints center around the following alleged errors: (1) permitting evidence to be introduced as to the mental capacity of Stella Brimmer, the victim of the alleged false pretenses; (2) permitting David Nothdurft to testify as to other similar transactions; (3) refusing defendant's requested instruction concerning the possible issuance of a valid policy of insurance despite the alleged fraud in securing Stella Brimmer's application; and (4) submitting the case to the jury in the absence of competent evidence to show defendant aided and abetted her brother, Dale Armstrong, in the commission of the offense charged.

I. The first three errors listed above are identical with those raised in State v. Armstrong, Iowa, 203 N.W.2d 269 (filed December 20, 1972). Each was there re-solved against the position defendant now takes.

It is unnecessary to repeat what was said in that case. We reject each of the contentions raised and in doing so adopt the holdings in Divisions III, VI and VII of the Armstrong opinion.

II. This leaves for determination the sole remaining issue: Was there competent evidence upon which to convict defendant?

■ The State charged defendant aided and abetted Dale Armstrong in obtaining money by false pretenses from Stella Brimmer. If she did so, she was, of course, guilty and punishable as a principal. Section 688.1, The Code, 1966. State v. Kittelson, 164 N.W.2d 157, 164 (Iowa 1969); State v. Horrell, 260 Iowa 945, 948, 151 N.W.2d 526, 529 (1967).

■ To aid and abet means to assent to an act or to lend countenance or approval, either by active participation in it or by some manner encouraging it prior to or at the time of its commission. State v. Barnes, Iowa, 204 N.W.2d 827 (filed December 20, 1972); State v. Brown, 172 N.W.2d 152, 155 (Iowa 1969); State v. Kittelson, 164 N.W.2d 157, 161, 162 (Iowa 1969).

■ Defendant's principal argument is that there is no evidence to show her knowledge of the alleged crime prior to its commission. Of course, such knowledge is an essential element to be proven by the State. State v. Barnes, supra, State v. Daves, 259 Iowa 584, 586, 144 N.W.2d 879, 881 (1966). However, it need not be—and frequently cannot be—established by direct proof. It may be either direct or circumstantial. It may be inferred from circumstances surrounding the act. We have said several times participation may be shown by "presence, companionship, and conduct before and after the offense is committed."

State v. Barnes, supra; State v. Brown, 172 N.W.2d at 155; State v. Kittelson, supra, 164 N.W.2d at pages 162, 163; State v. Horrell, supra, 260 Iowa at 948, 151 N.W.2d at 529.

■ With these principles in mind, we review the evidence to see if there is substantial competent evidence of defendant's guilt. In doing so we apply another well established rule—we view the evidence in its light most favorable to the State. State v. Barnes, supra; State v. Brown, supra, 172 N.W.2d at page 153, and citations.

There was evidence, both direct and circumstantial, from which the jury could find defendant obtained application forms and other material from Wabash Life Insurance Company by falsification, intending to use it for fraudulent purposes; that she and Dale Armstrong, along with several others, entered into a common plan or scheme to sell policies in that company, knowing they could not legally do so and that the company was not authorized to do business in Iowa; that this practice continued even after the company had ordered defendant to stop it; that frequent and serious misrepresentations were made in the solicitation of the victims, all of whom were elderly persons; that they systematically and regularly met and split the "premiums" collected as the result of their operations, sometimes wrongfully endorsing checks to do so; that all of them from time to time used fictitious names; that in most instances, including this one, the applications were not forwarded to the company nor was any other action taken to secure the issuance of a policy.

■ The evidence came principally from David Nothdurft, one of defendant's confederates in some of the other transactions. In both the first appeal (State v. Armstrong and Buttolph) and the separate Armstrong case decided today, we held his testimony as to other similar transactions admissible to show defendant's fraudulent intent or motive in the case then being

prosecuted. It was admissible for the same purpose in the present case.

In the matter now before us Dale Armstrong secured a signed insurance application from Stella Brimmer and collected from her $6000 as the "first premium." His modus operandi was identical with that described above. He used a fictitious name, he used insurance materials supplied by defendant, the application contained virtually none of the information required for the issuance of a policy, and he misrepresented to Miss Brimmer the terms of the insurance she was supposedly buying.

Then, again following the established script, he sought out defendant immediately upon obtaining Miss Brimmer's check and they set out together for Chicago. The check was endorsed by defendant but it was later returned to Miss Brimmer because of information relayed to defendant that the affair was receiving the scrutiny of authorities in Cedar Falls.

Much of this testimony was controverted, and both Armstrong and defendant gave innocent versions of the incriminating circumstances. However, we have set out what the jury *could* find. The denials and explanations do no more than create a dispute of fact for jury determination.

■ Viewing the evidence together with all its inferences as favorably as possible to the State's case, we find it is not only sufficient, but that it fairly shrieks of defendant's complicity with her brother in the scheme to bilk Stella Brimmer. Defendant is entitled to no relief on the issue raised.

III. We have examined the record and have reviewed the trial transcript with a view toward satisfying our obligation under section 793.18, The Code. We find defendant had a fair trial and we find the evidence of her guilt established beyond any reasonable doubt. The judgment of the trial court is therefore affirmed.

Affirmed.