STATE of Iowa, Appellee,

v.

Robert W. BARNES, Appellant.

No. 55539.

Supreme Court of Iowa.

Dec. 20, 1972.

Richard G. Davidson, Clarinda, for appellant.

Richard C. Turner, Atty. Gen., Fred M. Haskins, Asst. Atty. Gen. and J. C. Irvin, County Atty., for appellee.

Heard before MOORE, C. J., and Le-GRAND, UHLENHOPP, REYNOLD-SON and McCORMICK, JJ.

McCORMICK, Justice.

Defendant was convicted by jury and sentenced for larceny in the nighttime under Code § 709.4. The determinative issue in this appeal is the sufficiency of the evidence to support the verdict. We find the evidence insufficient and reverse.

In deciding whether there is sufficient evidence to support the verdict we view it in its light most favorable to sustaining the verdict, and we are bound by a verdict supported by substantial evidence and not against its clear weight. State v. Gray, 199 N.W.2d 57, 59 (Iowa 1972).

There is no dispute here as to sufficiency of the evidence to prove that Donald Taylor, a friend of defendant, did commit larceny on the occasion involved. He stole about $95 from Skeeter's Skelly Station in Clarinda at about midnight on May 12, 1971. Defendant claims the evidence is insufficient for the jury to be permitted to

find that he aided and abetted Taylor in the theft, the theory under which he was charged, tried and convicted.

The State's theory apparently was that defendant acted as a "lookout" for Taylor during the theft. Testimony established that defendant, Taylor and two companions had been riding around in Taylor's car. They drove onto the gas station drive just as the lone attendant, Guy Fielder, was putting a pickup truck inside preparatory to closing. Taylor and defendant entered the station office. Defendant said he entered to buy cigarettes but had to wait for Fielder in order to get change. He stood facing a glass door, looking toward the bay area where Fielder was parking the truck. He said he thought Taylor had entered the office to use the bathroom and he did not pay any attention to what Taylor did.

Fielder had left a money bag near the cash register. He saw Taylor (whom he did not know) taking money from it. He also saw defendant (whom he knew) looking out the door. Defendant's back was to Taylor, who was four or five steps away. Fielder hurried to the office, and defendant stumbled as the attendant pushed through the swinging door at which he had been standing. Taylor was not in the office when Fielder entered. He fled on foot.

Defendant asked for change for cigarettes, and upon inquiry disclaimed knowledge of any theft. After some equivocation he named Taylor as having entered the office with him. Fielder told him he would have to wait for his change. Although defendant left the premises, he returned shortly thereafter, received his change for cigarettes, purchased them, talked with the police and then left. We are unable to find anything inculpatory in the circumstances of his departure and return. There is no claim or evidence of flight.

He later gave a statement in which he said he had turned around as Taylor was leaving the office, and Taylor had said he would meet him at the car.

There is no evidence nor does the State claim that the two companions of Taylor and defendant had anything to do with the theft. The only one of them to testify at trial said the sole discussed purpose for stopping at the gas station was to permit defendant to purchase cigarettes. Taylor did not testify.

The State's case rests almost entirely upon defendant's presence and location in the office at the time of the theft. There is no direct evidence he saw the theft or even knew of it until after it occurred. His stated purpose for his presence and location was lawful.

One cannot be convicted of crime upon a theory of aiding and abetting unless there is sufficient evidence to show he assented to or lent countenance and approval to the criminal act either by active participation in it or by some manner encouraging it *prior to* or *at the time of* its commission. State v. Kittelson, 164 N.W.2d 157, 161–165 (Iowa 1969). Knowledge is essential; however, neither knowledge nor presence at the scene of the crime is sufficient to prove aiding and abetting. State v. Daves, 259 Iowa 584, 586, 591, 144 N.W.2d 879, 881, 884 (1966).

A "[d]efendant's participation as an aiding and abetting accomplice may be proved by circumstantial evidence. * * * Such evidence may be equal in value to, and sometimes more reliable than, direct evidence. * * * The circumstantial evidence must pass the test of being not only consistent with defendant's guilt but inconsistent with any rational hypothesis of his innocence." State v. Patman, 189 N.W.2d 620, 622 (Iowa 1971). Circumstances which may be considered include those surrounding the act and defendant's subsequent conduct. State v. Horrell, 260 Iowa 945, 952, 151 N.W.2d 526, 531 (1967). However, subsequent conduct is relevant only insofar as it tends

to prove defendant's *prior* encouragement or participation. A defendant may not be convicted as a principal on a theory of aiding and abetting for conduct which would only make him an accessory *after* the fact. State v. Kittelson, *supra;* cf. § 688.1, The Code. In order to find the evidence adequate to support the verdict, we must be able to say it is sufficient to raise a fair inference of guilt. "It must do more than raise a suspicion, speculation or conjecture." State v. Williams, 179 N.W.2d 756, 758 (Iowa 1970).

Under this record, the issue becomes whether the circumstantial evidence properly *could* be found inconsistent with any rational hypothesis of defendant's innocence by the jury. More specifically, was there sufficient circumstantial evidence for the jury to find he was acting as a lookout for Taylor during the theft? We believe not.

█ The record contains circumstantial evidence which *points a finger of suspicion* at defendant. However, these circumstances and inferences from them are, as a matter of law, at least equally consistent with defendant's innocence. Even if we accept the State's claim defendant tried to protect Taylor after the theft, his conduct then would *not be enough to prove his* earlier complicity and may as readily be viewed as a clumsy and misguided effort to help his friend after the crime.

A conviction based upon such tenuous evidence cannot be permitted to stand. See State v. Daves, *supra;* State v. Jones, 259 Iowa 375, 144 N.W.2d 120 (1966); State v. Fonza, 254 Iowa 630, 118 N.W.2d 548 (1962).

Suspicion is no substitute for proof. The best way to prevent conviction of the *innocent is to require the State to prove* guilt by substantial evidence. In this case the State did not meet its burden. Trial court erred in finding the evidence sufficient to support the verdict.

Since the case must be reversed, we do not decide defendant's other assignments of error.

Reversed.