**In the Interest of Robert O'Dell CHAMPION, a child, Appellant.**

No. 2–56956.

Supreme Court of Iowa.

Sept. 18, 1974.

Hildreth & Ford, Burlington, for appellant.

Daniel E. Cahill, Asst. County Atty., for appellee.

HARRIS, Justice.

Robert O'Dell Champion (Robert), a youngster 15 years of age, was charged in juvenile court with being dependent, neglected or delinquent under chapter 232, The Code. After hearing the trial court adjudged him delinquent under § 232.-2(13)(a). This section provides: " 'Delinquent child' means a child * * * [w]ho has violated any state law * * * except any offense which is exempted from this chapter by law."

Robert was accused of violating § 321.76, The Code, which provides:

"If any * * * person shall without the consent of the owner, take, or cause to be taken, any automobile or motor vehicle, and operate or drive, or cause the same to be operated or driven, he shall be imprisoned in the penitentiary not to exceed one

year, or be imprisoned in the county jail not to exceed six months, or be fined not to exceed five hundred dollars."

Section 321.76 is not exempted from chapter 232. See § 321.482, The Code.

A trial to the court was had on the charge which resulted in a finding Robert had violated § 321.76. The evidence showed Robert was not present when an automobile was stolen by two other teen-age boys. The others drove the car about the city of Burlington, saw Robert, and invited him to join them. He at first rejected the invitation but relented when they persisted. After entering the car Robert first learned it had been stolen and promptly asked to get out. He was dissuaded and later drove the car a short distance.

The brief filed in behalf of Robert states the sole issue on appeal is whether, under these circumstances, Robert violated 321.-76. Robert asserts the element of wrongful taking was not shown.

I. The elements of operating a motor vehicle without consent under § 321.76 include (1) the wrongful taking away from any place and (2) the operation or driving (asportation) of (3) the motor vehicle of another (4) with felonious intent and (5) without the owner's consent. Robert challenges the sufficiency of the State's showing only as to the first element, the taking. He argues the element was not shown. He believes he did not *take* the automobile in the sense required for the element because the *taking* had already occurred without his participation. *Taking* means "[t]he act of laying hold upon an article, with or without removing the same. It implies a transfer of possession, dominion, or control." Black's Law Dictionary (Revised Fourth Ed.)

We think the evidence is sufficient to show a taking required for the element. The taking from the owner can occur and dominion over the vehicle achieved even though it had been previously lost to the owner by a prior theft. To hold otherwise would accord any thief the right to any vehicle previously stolen and not yet returned to its owner. We believe the legislature intended to proscribe, not just the initial, but any succeeding wrongful taking under § 321.76. The same conclusion under a similar statute was reached in Edwards v. State, 46 Wis.2d 249, 174 N.W.2d 269 (1970).

Since the facts sufficiently show a *taking* of the vehicle the first element for the offense was supplied. This was the sole issue raised by Robert and the judgment of the trial court is accordingly

Affirmed.

RAWLINGS, LeGRAND, REES and UHLENHOPP, JJ., concur.

MOORE, C. J., and REYNOLDSON, MASON and McCORMICK, JJ., dissent.

REYNOLDSON, Justice (dissenting).

As the majority opinion indicates, the facts in this case are not in dispute. Involved is Robert O'Dell Champion, a 15-year-old charged in a juvenile court proceeding with being a delinquent child, § 232.2(13)(a), The Code, because he violated § 321.76.

The car was taken without the owner's consent by two other children, one older than Champion. The latter neither participated in that occurrence nor had any knowledge of it. At a later time, when these two boys were driving the car around, they came upon Champion and persuaded him to go for a ride. Upon learning the car was "stolen" he wanted to get out but was "talked into" remaining in the vehicle and ultimately drove it about a block.

The juvenile court judge found Champion "then becomes what you might call an

accessory to the incident," and consequently determined he was a delinquent child because he violated § 321.76.

I. The elements of the crime defined in § 321.76 include 1) a taking, 2) and operation, 3) of a motor vehicle of another, 4) without the owner's consent. Additionally necessary is an element of criminal intent. State v. Drummer, 254 Iowa 324, 117 N.W.2d 505 (1962); see Morissette v. United States, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952); State v. Austin, 80 N.M. 748, 461 P.2d 230 (1969). This intent was defined in the dissent in State v. Everett, 157 N.W.2d 144, 150 (Iowa 1968) as one "to return the vehicle after a temporary detention thereof." The *Everett* dissent was adopted *in toto* by the majority of this court in State v. Hawkins, 203 N.W.2d 555 (Iowa 1973).

For the purposes of this dissent it may be conceded all of the elements were proved as to Champion except the first, a "taking."

Despite this court's divisions on the lesser-included-offense issue, apparent in *Everett* and *Hawkins,* no one contends the "taking" element required for larceny is not identical with the "taking" required for a § 321.76 violation. Until this case, the element of "taking" has evidently been so well understood we have never been required to define it. Nor is "taking" defined in the Iowa State Bar Association's Uniform Jury Instructions. See Volume II, No. 515.1, et seq.

The crime of larceny was founded upon a trespass against the possessory rights of the victim. See State v. Sabins, 256 Iowa 295, 298, 127 N.W.2d 107, 108 (1964). The "taking" required for larceny has always· been associated with the subsequent act to "carry away." Section 709.1, The Code ("If any person steal, take, and carry away of the property of another * * *"); State v. Fonza, 254 Iowa 630, 634, 118 N.W.2d 548, 551 (1962) ("Larceny means to steal, take and carry away property of another").

It is apparent the "taking" is ordinarily a singular act of trespass by which the victim's possession rights are severed and the trespasser obtains possession, power or control. See 50 Am.Jur.2d, Larceny § 11, pp. 162–63; 52A C.J.S. Larceny § 4, pp. 422–424; Webster's Third New International Dictionary (1966 Ed.); cf. State v. Kobylasz, 242 Iowa 1161, 1167, 47 N.W.2d 167, 170 (1951). And it is obvious in the case *sub judice* the "taking" had been carried out before Champion ever knew of or saw the auto. The trespass to the owner's possessory rights was complete. Champion was not a party to the "taking." It follows he did not violate § 321.76.

We are not here concerned with some other offense which might have formed the basis for declaring Champion a delinquent in a § 232.2(13)(a) proceeding. It is obvious, however, the majority is attempting to read into § 321.76 a separate offense which in the legislative design was defined and prohibited in § 321.77 ("Any person who * * * has in his possession any vehicle which he knows or has reason to believe has been stolen or unlawfully taken * * * is guilty of a felony").

Two hornbook rules aid in understanding the distinction:

"It is the act of taking which distinguishes larceny from the offense of receiving stolen goods, and, if the accused had no part in taking the property, his subsequent connection with it will not ordinarily render him guilty of larceny."—52A C.J.S. Larceny § 5, p. 424.

" * * * [A] person not connected with the original taking is not guilty of theft merely because he subsequently received, purchased, or otherwise came into possession of the stolen property * * *."—50 Am.Jur.2d, Larceny § 13, p. 164.

If we assume the two boys who took the car in this case then had the intention to convert it to their own use, under the above rules Champion would not have been guilty of larceny when he later obtained possession of it. State v. Smith, 248 Iowa 603, 607, 81 N.W.2d 657, 659 (1957). Similarly, under the facts before us, he could not be guilty of violating § 321.76. In neither the assumed nor actual event did he have any part in the "taking," a necessary element in both offenses.

The esoteric theory of a recurring "taking" espoused in the majority opinion is not supported by other authorities. Edwards v. State, 46 Wis.2d 249, 174 N.W.2d 269 (1970), relied on by majority, does indeed reach the same conclusion as the majority, but not through that rationale, or in fact, any rationale. *Edwards* relies solely on State v. Robbins, 43 Wis.2d 478, 168 N.W.2d 544 (1969). The latter decision is devoid of any attempt to analyze or reason. *Robbins* simply states that the language of the Wisconsin statute "does not mean that the driver at the time of the apprehension has to be the person who actually took the vehicle from the rightful owner." 43 Wis.2d at 481, 168 N.W.2d at 545.

We have often said cases from other jurisdictions, while not binding on us, are persuasive in proportion to the extent they appear to be well reasoned and logical. Warner v. Hansen, 251 Iowa 685, 689, 102 N.W.2d 140, 143 (1960); Acuff v. Schmit, 248 Iowa 272, 278, 78 N.W.2d 480, 484 (1956). Application of this measure leaves little of value in the only authority relied on in the majority opinion.

The better and more logical view is that ordinarily a "taking" occurs at a point in time. See Van Buren v. State, 65 Neb. 223, 225, 91 N.W. 201, 203 (1902) (" * * * the taking is the act by which control and dominion of the thing stolen is gained by the thief, and lost to the owner"); Farlow v. State, 9 Md.App. 515, 517, 265 A.2d 578, 580 (1970) ("The 'taking' refers to the taking of possession from [the] possession of one entitled thereto. * * * [A]n accused cannot, in legal contemplation, trespass against a person's property, if that person does not have possession.")

II. The State's brief concedes "The State at no time has attempted to prove or imply that Appellant Champion was involved in the original taking of the automobile." Appellee's brief, p. 2. But the prosecution implies Champion was guilty of aiding and abetting and would therefore be punished as a principal. Section 688.1, The Code.

An aider or abettor is one who advises, counsels, procures or encourages another to commit a crime. 21 Am.Jur.2d, Criminal Law § 119, p. 197. To aid or abet means to assent to act or to lend countenance or approval either by active participation or by in some manner encouraging it. State v. Kittelson, 164 N.W.2d 157, 161–162 (Iowa 1969); State v. McClelland, 162 N.W.2d 457, 464 (Iowa 1968). The required encouragement or participation must occur prior to or at the time of the commission of the offense. State v. Barnes, 204 N.W.2d 827, 828 (Iowa 1972); State v. Buttolph, 204 N.W.2d 824, 825 (Iowa 1972), cert. denied, 414 U.S. 857, 94 S.Ct. 163, 38 L.Ed.2d 107 (1973).

The guilt of one who aids or abets another in the commission of a crime must be determined upon the facts which show his part in it, and does not depend upon the degree of the other's guilt. State v. Daves, 259 Iowa 584, 586, 144 N.W.2d 879, 881 (1966); State v. Marish, 198 Iowa 602, 607, 200 N.W. 5, 7 (1924), and citations. For conviction there must be evidence the accused committed the act constituting the offense or did aid or abet its commission. State v. Fonza, 254 Iowa 630, 635, 118 N.W.2d 548, 551 (1962).

The gist of the offense described in § 321.76 is as much the taking as the operation of the vehicle. The crime here was

complete when the other two boys took and operated the vehicle. No one contends Champion aided or abetted in, or had any knowledge of, the taking. Not having participated in or encouraged the other two boys prior to or at the time of the taking, he is not guilty of a § 321.76 violation. State v. Barnes, supra, 204 N.W.2d at 828; State v. Buttolph, supra, 204 N.W.2d at 825; see State v. Kittelson, supra; State v. Brown, supra; State v. Myers, 158 N.W.2d 717 (Iowa 1968); State v. Fonza, supra; State v. Smith, supra.

Having conceded Champion was innocent with respect to the taking, the State cannot assert he aided or abetted the other boys in committing the offense.

Champion did not violate § 321.76, and therefore should not have been found delinquent in a § 232.2(13)(a) proceeding grounded solely on that offense. I would reverse.

MOORE, C. J., and MASON and Mc-CORMICK, JJ., join this dissent.