STATE OF NEBRASKA, APPELLEE, V. MARK HOEKSTRA, APPELLANT.
369 N.W.2d 643

Filed June 28, 1985.   No. 84-927.

Dana M. London, for appellant.

Robert M. Spire, Attorney General, and Jill Gradwohl, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

Mark Hoekstra appeals the judgment of the district court for Lancaster County, Nebraska, affirming Hoekstra's municipal court conviction of operating a motor vehicle while under the influence of alcoholic liquor, first offense, and refusing to submit to a chemical test, first offense. See Neb. Rev. Stat. §§ 39-669.07 and 39-669.08 (Reissue 1984). Upon Hoekstra's conviction the municipal court sentenced Hoekstra to 1 year's probation; suspended his operator's license for 60 days; restricted postsuspension operator's privileges for 4 months by limiting Hoekstra's driving to travel to and from work and probation activities; and ordered Hoekstra to attend alcohol education classes, abstain from alcohol, and pay a fine of $200 with court costs.

After perfecting his appeal to this court, Hoekstra filed his brief but failed to specify any assignment of error. Hoekstra and the State, on March 5, 1985, jointly stipulated that Hoekstra be given leave to add assignments of error omitted from his brief. On March 22, 1985, this court disallowed that joint stipulation.

Neb. Rev. Stat. § 25-1919 (Reissue 1979) provides that the appellant's brief in any action before this court "shall set out particularly each error asserted and intended to be urged for the reversal, vacation or modification of the judgment, decree or final order alleged to be erroneous . . . ." Further, § 25-1919 authorizes the Supreme Court to promulgate general rules providing for briefs filed in cases appealed to this court. Pursuant to such authorization this court has adopted Neb. Ct. R. 9D(1)d (rev. 1983), which requires that an appellant's brief shall contain assignments of error which are

> [a] separate, concise statement of each error a party contends was made by the trial court, together with the issues pertaining to the assignments of error. Each assignment of error shall be separately numbered and paragraphed, bearing in mind that consideration of the case will be limited to errors assigned and discussed. . . .

In *Farmers Co-op Grain Co. v. Leuenberger*, 217 Neb. 288, 348 N.W.2d 135 (1984), we held that in the absence of an assigned error, the judgment of the district court will be affirmed.

Hoekstra has not alleged any assignment of error in his brief filed with this court. The disposition made in *Farmers Co-op Grain Co. v. Leuenberger, supra*, a civil case, is equally appropriate under the circumstances regarding Hoekstra's appeal. The record does not disclose any plain error prejudicial to Hoekstra. Therefore, Hoekstra's appeal presents no error for review by this court. In the absence of any error presented for review, we must and do affirm the judgment of the district court.

AFFIRMED.