LIBERTY FINANCE CORPORATION, A CORPORATION, APPELLEE, v. MARY C. JONES, APPELLANT.

169 N. W. 2d 289

Filed June 20, 1969. No. 37188.

Mary C. Jones, pro se.

Abrahams, Kaslow & Cassman and Frank F. Pospishil, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

McCOWN, J.

This is an action to quiet title to certain real estate in Omaha, Nebraska. The trial court determined that the defendant, Mary C. Jones, had an option to purchase the premises. If the defendant failed to exercise the option and pay the purchase price of $7,000 within 90 days from September 26, 1968, title was quieted in the plaintiff. The defendant has appealed, appearing in this court pro se.

The defendant had resided on, or had possession of, the premises involved, continuously since 1951, except for 1 day as hereafter noted. On November 5, 1964, the property was sold at a sheriff's sale in a mortgage foreclosure instituted by the Omaha National Bank, Trustee, against Mary C. Dozier, now Mary C. Jones, the defendant here. The plaintiff here, Liberty Finance Corporation, was the purchaser at the mortgage foreclosure sale. The purchase price paid was $4,971. The sheriff's deed recites that under the decree, there was due to the Omaha National Bank, Trustee, the sum of $2,684.13, together with interest, which was a first lien; that there was also due to N. P. Dodge Company, the sum of $1,860.93, together with interest, which was a second lien; and that there was also due and owing to Liberty Finance Corporation, the plaintiff in this action, the sum of $1,733.18, together with interest, which was a third lien. Plaintiff's purchase price of $4,971 paid off the first and second liens with interest and costs of foreclosure. The indebtedness of the defendant to the plaintiff here of $1,733.18 made a net investment for the plaintiff in the property of $6,704.18 at the time of the sheriff's sale on November 5, 1964.

Following the sheriff's sale and in December 1964, the

plaintiff here, Liberty Finance Corporation, and the defendant, Mary C. Jones, entered into a written lease of the premises for a term of 6 months from December 30, 1964, to June 30, 1965, for a total rental of $1,100, payable at the rate of $100 per month in advance and a balance of $500, payable on June 30, 1965. In the event rentals were promptly paid, there was an option for renewal for an additional 6-month period for the same amount and payable in the same fashion. On the same date this lease was executed, the plaintiff, Liberty Finance Corporation, executed and delivered to the defendant, Mary C. Jones, a written memorandum dated December 24, 1964, which read:

"With reference to the lease agreement between ourselves today, it is understood that you have the option to purchase the home at any time and that 50% of the monthly payments will be applied to the original debt, and 50% as rent. If the terms of the first six months have been fulfilled the full payments during the second six months will be applied to the indebtedness. Interest is at 6%.

"This is all contingent on the home being improved to the extent of about $2,000.00 during the year."

The defendant paid to the plaintiff the sum of $100 on February 12, 1965; $90 on April 12, 1965; $100 on May 5, 1965; $100 on May 28, 1965; $25 on August 6, 1965; and $25 on August 12, 1965, a total of $440. No other payments were made by the defendant during 1965 or 1966.

On June 22, 1967, the plaintiff filed a forcible entry and detainer action against the defendant in the municipal court of Omaha for restitution of the premises. Sometime between June 22 and September 20, 1967, the defendant paid to the plaintiff $100 in cash, and delivered a check for $200. The check was never paid. On July 7, 1967, the plaintiff wrote on the bottom of the option of December 24, 1964, the following: "The above is still correct in that the home may be purchased for

a price to be agreed upon at any time." On August 8, 1967, a decree of restitution was entered against the defendant in the municipal court. On September 20, 1967, the constable evicted the defendant in accordance with the writ from the municipal court. On the same day, the defendant filed an injunction proceeding against Liberty Finance Corporation in the district court to enjoin it from further prosecuting the forcible entry and detainer action. On May 15, 1968, decree was entered in the district court permanently enjoining Liberty Finance Corporation from further prosecuting its forcible entry and detainer action, apparently on the grounds that the defendant had an interest in the premises by virtue of the written agreements.

On June 6, 1968, the plaintiff filed this action against the defendant praying that the purported option agreement be declared null and void and be canceled; foreclosing defendant of all title and equity of redemption; quieting title to the premises in the plaintiff and against the defendant; and requiring defendant to vacate the premises.

The evidence at the trial showed that the total amount paid by the defendant to the plaintiff after November 24, 1964, was the sum of $540. Plaintiff also had paid at least $1,400 in real estate taxes, and approximately $300 in sidewalk assessments on the premises after 1964. The manager of the plaintiff testified at the trial that plaintiff would be willing to sell the property to the defendant, Mary C. Jones, for $7,500 to $8,000, although plaintiff had more than that sum invested in it.

The defendant, Mary C. Jones, claimed that she had made substantial improvements to the premises during her occupancy. She filed a mechanic's lien against the property on December 29, 1967. It included repairs and improvements over a period of 14 years, 1954-1967, which she claimed totaled $8,440. She introduced in evidence one cement contractor's statement to her in 1967 for

$918.18. The defendant, Mary C. Jones, also testified that $6,000 to $6,500 was a fair price for the premises.

On September 26, 1968, the district court entered its decree that the defendant was deemed to have an option to purchase. The court determined that the purchase price under the option was $7,000, and that the option was to be exercised by the defendant within 90 days. The court further decreed that in the event defendant failed to exercise the option and pay the purchase price within the time specified, title was quieted in the plaintiff with writ of assistance to place plaintiff in possession.

Among numerous assignments of error, the defendant devotes a substantial portion of her brief to the denial of a request for disqualification of the trial judge. The basis for the request for disqualification was that Judge Burke, the trial judge, had been the judge in a previous divorce action involving the defendant.

A district judge is not disqualified to hear a case because he previously presided in a proceeding involving one of the parties. Under section 24-315, R. R. S. 1943, the trial judge would not be disqualified even if the action here involved a proceeding to vacate the judgment in the defendant's divorce case itself. See Chicago, B. & Q. R.R. Co. v. Kellogg, 54 Neb. 138, 74 N. W. 403.

The defendant's intimations that she did not receive fair and impartial consideration by the trial court in this case are untenable. An action to quiet title to real estate and to enforce a contract and agreement is an equitable action and is in this court for trial de novo on the record. See Neylon v. Parker, 177 Neb. 187, 128 N. W. 2d 690. The record in this case is overwhelming. The trial court granted the defendant a continuance to enable her to retain an attorney and prepare her defense. The trial court offered the defendant the services of qualified counsel to undertake her defense without cost to her as a matter of professional obligation. At the trial in the district court, the defendant was represented by counsel employed by her and was permitted to par-

ticipate herself. The trial court allowed the defendant to introduce all available testimony and documents regardless of materiality and did not permit the plaintiff to cross-examine her. The record establishes without question a conscientious consideration for the defendant's rights in all respects.

The defendant contends that she placed extensive improvements on the premises over the years since 1954. Any interest the defendant had in improvements made prior to November 1964, would have been divested by the mortgage foreclosure proceedings at that time. See Hammond v. Harrington, 150 Neb. 1, 33 N. W. 2d 293.

There is no evidence of any increase in value of the real estate created by improvements made after 1964. There is no evidence as to the value of the property without the post-1964 improvements. Also, the evidence shows that the defendant never offered to pay the plaintiff the value the real estate had without whatever post-1964 improvements were made. Even if the Occupying Claimant's statute applied, that refusal would defeat her rights under that statute. See § 76-301, R. R. S. 1943, and cases annotated to it.

The judgment of the trial court was correct and is affirmed.

AFFIRMED.