STATE OF NEBRASKA, APPELLEE, v. RUFUS VON SUGGS, APPELLANT.
246 N. W. 2d 206

Filed October 20, 1976. No. 40521.

John J. Battershell, for appellant.

Paul L. Douglas, Attorney General, and Steven C. Smith, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

The defendant was convicted of burglary and sentenced to imprisonment for 3 to 10 years. He has appealed and contends the evidence is not sufficient to sustain the conviction; that the trial court erred in failing to sustain his motion to suppress and his motion for a continuance; and in failing to give a requested instruction.

The State produced evidence from which the jury could find that the Indianola Cafe in Indianola, Nebraska, was burglarized during the early morning hours of April 4, 1975. A cigar box containing more than $100 in coins, several receipts, and several bad checks that had been returned to the cafe was taken. More than $100 was taken from the cash register. On the evening of April 3, the defendant had been seen behind the cafe looking at the rear door of the cafe. Later that same evening he drank two bottles of beer in the cafe. He was apprehended at Bartley, Nebraska, the next day with the cigar box and part of its contents in his possession. He also had $49 in his billfold and $81 in currency wrapped in a paper towel concealed in his trousers.

Although much of the evidence was circumstantial, the evidence of the State was substantial and, if believed, was sufficient to sustain a finding of guilty beyond a reasonable doubt. In a criminal case it is not the province of this court to determine the credibility of witnesses or weigh the evidence.

The motion to suppress was directed at the items of evidence found in the possession of the defendant at the time of his arrest on April 4, 1975.

The record shows that after the burglary was discovered the sheriff was notified and a criminal investigator for the state patrol came to Indianola to assist with the investigation. While the patrolman was conducting his investigation, Shirley Miner, the daughter of the cafe owner and the employee who had discovered

the burglary, reported to the patrolman that Kenneth Burke, a resident of Bartley, Nebraska, and a student at the McCook Community College, had seen an older man, kind of thin, grey haired, and not too tall in the Bartley Cafe in Bartley, Nebraska, with a cigar box that appeared to have change in it. The patrolman immediately drove to Bartley, Nebraska, where he found the defendant hitchhiking on the east side of Bartley. The patrolman, who was not in uniform, stopped his automobile, which was unmarked, and the defendant entered the automobile. The defendant was carrying a brown paper sack which appeared to contain a cigar box.

The patrolman inquired as to where the defendant had been and where he was going. The defendant replied that he had been in Denver and was going to Holdrege, Nebraska. In response to an inquiry as to what was in the sack the defendant said "personal belongings." The patrolman then stopped the automobile, identified himself, and asked for identification. The defendant produced a slip of paper with his name written on it.

The patrolman advised the defendant of his "Miranda rights" and then said that the defendant would have to return to McCook, Nebraska, so that the patrolman could find out who he was and what was in the sack. The patrolman made a quick search for weapons and found a 4-inch knife in the defendant's pocket. When ordered to produce the knife the defendant removed it from his pocket and opened the blade. The defendant refused to surrender the knife and warned the patrolman not to reach for his gun. After a brief struggle the patrolman disarmed the defendant, handcuffed him, and then took him to the patrol office in McCook.

At McCook the sack was opened and found to contain the cigar box stolen from the Indianola Cafe. Inside the cigar box were loose coins, coins in wrappers,

the bad checks belonging to the cafe, and the receipts.

The defendant contends that both the arrest and search of the defendant were illegal. The officer had no warrant so the justification for the search in this case rests upon the validity of the arrest. The officer knew that a felony had been committed. The question is whether the officer had probable cause to believe the defendant had committed the burglary.

The item which connects the defendant to the burglary is the cigar box. Upon receiving the report that a man had been seen in Bartley that morning carrying a cigar box with change in it, it was reasonable for the patrolman to conclude the man might have some connection with the crime and he should be located and questioned. When the patrolman found the defendant on the highway on the east side of Bartley, and he fitted the description and appeared to be carrying a cigar box in a paper sack, it was reasonable for the patrolman to detain the defendant and question him concerning his identity and the contents of the paper sack.

Informal detention for the purpose of investigation may be lawful even though probable cause sufficient to authorize a formal arrest may not exist. § 29-829, R. R. S. 1943; State v. Huffman, 181 Neb. 356, 148 N. W. 2d 321; Stage v. Goings, 184 Neb. 81, 165 N. W. 2d 366. Whether such a detention is reasonable depends on a balance between the public interest and the individual's right to personal security free from arbitrary interference by law officers. United States v. Brignoni-Ponce, 422 U. S. 873, 95 S. Ct. 2574, 45 L. Ed. 2d 607.

In Adams v. Williams, 407 U. S. 143, 92 S. Ct. 1921, 32 L. Ed. 2d 612, the United States Supreme Court said: "The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape. On the contrary, Terry recognizes that it may be the essence of good police work to adopt an intermediate response.

See id., at 23, 88 S. Ct., at 1881. *A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time.* Id., at 21-22, 88 S. Ct., at 1879-1880; see Gaines v. Craven, 448 F. 2d 1236 (CA9 1971); United States v. Unverzagt, 424 F. 2d 396 (CA8 1970)." (Emphasis supplied.)

In this case the defendant was a transient. If the patrolman had not proceeded immediately to Bartley, Nebraska, and apprehended the defendant, it is probable that the defendant would have escaped detection, the evidence of the crime which he had in his possession would have been lost or destroyed, and the victims would not have recovered any of the money that was stolen. The circumstances fully justified an informal detention of the defendant.

After the defendant had entered the patrol car and was unable to produce satisfactory evidence of his identity and refused to disclose the contents of the paper sack, a further detention was reasonable. When the limited search of the defendant's person disclosed the knife which the defendant refused to surrender and used to threaten the officer, probable cause for the arrest of the defendant existed. It was at that time that the patrolman disarmed the defendant, handcuffed him, and took him to patrol headquarters at McCook. The search of the paper sack which was made at that time was incident to a lawful arrest and was authorized. The motion to suppress was properly overruled.

The motion for a continuance was based upon an alleged failure of the county attorney to comply with a discovery order. The discovery motion requested an order allowing the defendant to inspect, copy, or photograph certain documents. The discovery motion was sustained on August 19, 1975, and the record indicates the documents were available to defendant's counsel at the office of the county attorney within the time speci-

fied by the trial court but defendant's counsel failed to call at the county attorney's office to inspect the documents. There was nothing in the order which required the county attorney to deliver the documents to defendant's counsel and there is no showing of any failure by the county attorney to comply with the discovery order. The record also fails to show any prejudice to the defendant. We find no error in failing to grant the continuance.

The requested instruction which was refused related to the force necessary to constitute a breaking and entering. Apparently, the defendant thought the jury might be confused and find him guilty because he had entered the cafe and purchased two bottles of beer during regular business hours on the evening of April 3, 1975. The requested instruction stated in substance that entrance into a business establishment during regular business hours to conduct business is not an act of physical force by which entrance is gained.

The trial court instructed the jury fully and completely concerning the elements of burglary. It was unnecessary to instruct the jury as to what was not burglary. The refusal to give the requested instruction was not error.

The judgment of the District Court is affirmed.

AFFIRMED.