STATE OF NEBRASKA, APPELLEE, v. GERALD DENT AND BRADLEY K. BODEMAN, APPELLANTS.

251 N. W. 2d 734

Filed March 23, 1977. No. 40928.

Kirk E. Naylor, Jr., of Naylor & Keefe, and James D. Livingston, Jr., of Cunningham, Blackburn, Von Seggern & Livingston, for appellants.

Paul L. Douglas, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, MC-COWN, CLINTON, BRODKEY, and WHITE, JJ.

PER CURIAM.

The defendants were convicted of conspiracy to distribute cocaine and sentenced to 90 days imprisonment to be followed by 18 months probation. They have appealed and contend the evidence was not sufficient to support their conviction.

A jury was waived and the case tried to the court. There was evidence from which the trial court could have found that the defendant Bradley K. Bodeman was a resident of Grand Island, Nebraska. On October 4, 1975, William E. Burke went to the Bodeman residence at about 7 p.m. to purchase cocaine.

There were two other persons at the residence in addition to Bodeman and his wife while Burke was there. While Burke was at the residence Bodeman received a telephone call from the defendant Gary Dent who was in Lincoln, Nebraska. The conversation was intercepted and recorded because there was a wiretap on the telephone at that time.

The substance of the conversation was that Bodeman said he had a bunch of "LB's" coming in the next day and "we're going to be making a bunch of money." Bodeman wanted "some more of them" as soon as possible; 6 or 7 of the 10 Dent had left. Bodeman and Dent then agreed to meet that night in front of the Ramada Inn near York, Nebraska, so that Dent could deliver "seven" to Bodeman. The items which were the subject of the conversation were not identified. Burke overheard Bodeman's part of the conversation and then left. Although Burke went to the Bodeman residence for the purpose of buying cocaine, he couldn't say whether Bodeman had any cocaine available because they "didn't talk about it," while he was at the residence.

A highway patrolman observed Dent and Bodeman in the parking lot in front of the Ramada Inn near York, Nebraska, at about 9 p.m. Dent was positively identified because he was stopped by the patrolman and given a warning ticket for defective lights after he had started back toward Lincoln. Bodeman was identified by the vehicle which he was driving.

Burke called the Bodeman residence at about 10:30 p.m., and talked to Bodeman's wife. Burke then went to the residence at about midnight and purchased 4 1-gram packets of a white powder from Bodeman which Burke understood and assumed was cocaine from previous conversations. He used it and said that it produced a numbing sensation when he touched it to his tongue and it gave him a "runny nose." In answer to direct questions Burke stated

he did not believe he received cocaine from Bodeman or that "it was very poor." There is no other evidence to identify the white powder sold to Burke by Bodeman as cocaine.

The State's theory of the case is that Dent and Bodeman were engaged in the distribution of cocaine, Dent as a wholesaler and Bodeman as a retailer. They agreed to meet near York, Nebraska, on October 4, 1974, so that Dent could deliver cocaine to Bodeman who in turn would sell it to third persons.

The conspiracy was an agreement to distribute and sell cocaine to third persons. The meeting near York, Nebraska, was an overt act in furtherance of the conspiracy. The sale to Burke at about midnight was a part of the final distribution which both defendants intended would take place.

Although the evidence is in part circumstantial, a conviction may rest upon circumstantial evidence if it is substantial. State v. Von Suggs, 196 Neb. 757, 246 N. W. 2d 206. It is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, or weigh the evidence. As we view the record the evidence of the State was substantial and was sufficient to support the conviction.

The defendants contend the evidence will not support a conviction for conspiracy because the transaction between Dent and Bodeman was a sale in which Dent was the seller and Bodeman the buyer, and Dent did not participate in any way in the sale from Bodeman to Burke that took place later. The defendant argues that a conspiracy must be a joint agreement by the conspirators to perform the same act.

The conspiracy charged in this case was the distribution of cocaine. Both defendants agreed to participate in the chain of distribution and the object of the conspiracy was to have the cocaine distributed to third persons through Bodeman. Both defendants

intended and expected that would take place. Both defendants participated in an overt act in further-ance of the conspiracy, and the purpose was accomplished when Bodeman delivered the cocaine to Burke. The defendant's contention is without merit. See, United States v. Carlson, 547 F. 2d 1346 (Dec. 28, 1976); United States v. Bommarito, 524 F. 2d 140.

The judgment of the District Court is affirmed.

AFFIRMED.

McCOWN, J., dissenting.

The defendants, Gerald Dent of Lincoln, Nebras-ka, and Bradley K. Bodeman, of Grand Island, Ne-braska, were charged with conspiracy to distribute cocaine. The only evidence of any conspiracy agreement was a telephone call made by Dent to Bodeman on the early evening of October 4, 1975. The main substance of the telephone conversation, which was taped, is set out in the majority opinion. In the entire conversation there was no mention of cocaine, nor of any controlled substance, nor were any terms used which would indicate they were talk-ing about any particular or general kind of property, goods, or substance. A fair interpretation of the en-tire conversation would be that Bodeman and Dent agreed to meet in York, Nebraska, that evening so that Dent could deliver 6 or 7 of the unidentified items to Bodeman.

The meeting of the two in York was under surveil-lance by a highway patrolman. He observed the meeting from a distance of about 300 feet. The meeting lasted approximately 5 minutes. The offi-cer observed nothing unusual or illegal. When the meeting was over the officer followed one car, stopped it, and identified Dent. No property or sub-stance of any kind was found or seized from either of the defendants or from the vehicles, nor was any physical evidence introduced at the trial. It would be fair to say that the State's evidence established

simply an agreement to deliver 6 or 7 items of property in York, Nebraska, and a meeting in York thereafter. It might be inferred that the property was illicit or contraband and that the transaction was illegal or even criminal, but it is equally reasonable to infer that the property and the transaction were both legal and proper. At best, the evidence as to Dent failed to prove him guilty of anything, and clearly failed to prove him guilty of the specific crime he was charged with.

The majority opinion now holds in effect that evidence of an agreement between two persons to sell and deliver unidentified property which is possibly or even probably illicit or contraband, followed by some act, is sufficient to establish a conspiracy to distribute cocaine or any other controlled substance. The holding means also that the State may prove a conspiracy to commit a specific offense by proving an agreement to commit any act which is possibly or even probably unlawful or criminal.

The evidence in this case fails to connect the defendant Dent with any controlled substances. The inferences the State relies upon for connection rest upon evidence that Bodeman sold a substance to an individual named Burke in Grand Island several hours after Bodeman and Dent had met in York. The sale was made in Bodeman's residence. It had been prearranged by Bodeman several days before, and the nature of the substance sold was in dispute. Any connection between Dent and whatever the transaction was between Bodeman and Burke rests upon a web of inferences which the evidence does not support.

In State v. Faircloth, 181 Neb. 333, 148 N. W. 2d 187, we said: "Where circumstantial evidence is relied upon in a criminal prosecution, the circumstances proven must relate directly to the guilt of the accused beyond all reasonable doubt in such a way as to exclude any other reasonable conclusion.

Any fact or circumstance reasonably susceptible of two interpretations must be resolved most favorably to the accused.''

The test of the sufficiency of circumstantial evidence in a criminal prosecution is whether the facts and circumstances tending to connect the accused with the crime charged are of such conclusive nature as to exclude to a moral certainty every rational hypothesis except that of guilt. State v. Bartlett, 194 Neb. 502, 233 N. W. 2d 904.

Under present conditions in our society it is critically important that the controlled substances laws be vigorously and thoroughly enforced. Fundamental principles of justice, however, also require that the State prove a citizen guilty of the crime with which he is charged. To prove an individual guilty of a conspiracy to commit a specific criminal offense requires more than proving a ''conspiracy'' to engage in some unidentified conduct which is possibly or even probably illegal. The State must still prove that the defendants here were guilty of a conspiracy to commit a specific crime, and it must be proved beyond a reasonable doubt. The evidence failed to prove Dent guilty and Bodeman cannot be charged with conspiring with himself. The evidence does not support the conviction.