STATE OF NEBRASKA, APPELLEE, V. BRADLEY DAVIS, APPELLANT.

255 N. W. 2d 434

Filed July 6, 1977. No. 41156.

Neil R. McCluhan, for appellant.

Paul L. Douglas, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

McCOWN, J.

Defendant was found guilty by a jury of the offense of breaking and entering an automobile. The District Court sentenced him to 2 years imprisonment.

Shortly before midnight on June 8, 1976, two police officers of South Sioux City, Nebraska, on patrol in a police car, noticed an automobile being driven slowly in the parking lot of a motel in South Sioux City. The brake lights of the vehicle intermittently went on and off, and the two officers became suspicious that the occupants of the car were "casing" the parking lot. The officers observed the automobile leave the parking lot and saw two persons get out of the car and the car was driven on. At that point, one of the officers got out of the patrol car with a walkie-talkie and hid in the bushes nearby to observe. The other officer drove the patrol car a block or two away, parked, and waited. The officer on foot recognized the two persons who had gotten out of the automobile. Shortly thereafter the automobile went by again. The two men on foot whistled, flagged the car down, and then waved it on. The officer at that time identified the passenger in the car, but did not see who was driving. The officer saw the two men on foot go into the motel parking lot. He observed one of the men breaking into a vehicle in the parking lot and arrested the man in the act of attempting to remove a C. B. radio from the vehicle. The other individual ran, but was later apprehended. At this point the officer noticed that the suspicious automobile was again in the area and he called by radio for the police car to stop the vehicle. The automobile was stopped within a block and a half of the motel parking lot. The defendant was driving and he and the passenger were arrested.

Defendant's first assignment of error is that the court erred in denying a motion for a directed verdict because the evidence was insufficient to sustain the conviction of the defendant. The basic thrust of the argument is that there was no direct proof that defendant knew that the other men intended to commit a crime. The individual who was caught redhanded pleaded guilty and was sentenced. He later testified as a witness at defendant's trial. After some questioning he was ruled to be a hostile witness but refused to answer questions as to whether he had made a statement to police that he went to the parking lot to steal a C. B. radio, and that he had stated and discussed that intention in the presence of the defendant. The defendant contends that the testimony sought to be elicited was inadmissible because it was hearsay. This is not the usual situation in which a witness seeks to testify as to a statement made by someone else. Instead, the witness here indisputably was a competent witness, and the statements about which he was being questioned were his own statements. They were not hearsay. Cases relied on by the defendant have no application to the facts here. In Nebraska whoever aids and abets another in the commission of any offense may be prosecuted and punished as if he were the principal offender. See § 28-201, R. R. S. 1943.

While the evidence as to defendant is partially circumstantial, it is nevertheless amply sufficient to sustain the conviction of the defendant. A conviction may rest upon circumstantial evidence if it is substantial. State v. Von Suggs, 196 Neb. 757, 246 N. W. 2d 206. In a criminal case, where there is sufficient evidence to justify the verdict, the verdict will not be set aside unless clearly wrong. State v. Record, *ante* p. 530, 253 N. W. 2d 847.

The defendant's only other assignment of error is that the trial court failed to disqualify himself because he was allegedly biased and prejudiced

against the defendant. The basis for the claim of prejudice is the assertion that the trial judge, at a previous time when he was county attorney, had made statements indicating his intention to prosecute defendant to the maximum extent for any future crime, and that the court had required the hostile witness to answer questions directed to him. It is also asserted that bias and prejudice were shown by the court in setting bail, and in the fact that defendant received a maximum sentence. Bail had no effect whatever on the trial. It is not even contended that the sentence is excessive. In view of defendant's record it would be virtually frivolous to make such a contention. It is equally frivolous to assert that the sentence was the result of bias or prejudice.

It should be noted that defendant accepted and made no objections to any of the instructions given to the jury, nor does he contend that any evidence was improperly admitted except for the testimony of the coparticipant who had already pleaded guilty and been sentenced prior to defendant's trial. The determination of defendant's guilt was made by the jury here and not by the judge. The record is void of any evidence that defendant did not have a fair trial. The overruling of a motion to disqualify a trial judge on the ground of his bias and prejudice will be affirmed on appeal unless the record establishes bias or prejudice as a matter of law. 46 Am. Jur. 2d, Judges, § 222, p. 244. Defendant's contentions of bias and prejudice are without merit.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.