STATE OF NEBRASKA, APPELLEE, v. JOHN HERREN, APPELLANT.

325 N.W.2d 151

Filed October 22, 1982. No. 82-014.

Dennis M. Coll and Raymond, Olsen, Coll & Ediger, P.C., for appellant.

Paul L. Douglas, Attorney General, and Lynne Rae Fritz, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

KRIVOSHA, C.J.

The appellant, John Herren, appeals from an order entered by the District Court for Scotts Bluff County, Nebraska, denying the post conviction relief sought pursuant to the provisions of Neb. Rev. Stat. §§ 29-3001 et seq. (Reissue 1979). The basis of the post conviction relief sought by Herren, initially before the trial court and now on the appeal in this court, is contained in a series of assignments of error presented by Herren's court-appointed appellate counsel pursuant to Herren's instructions. The assignments of error are as follows: (1) That the presiding judge should have disqualified himself from hearing the post conviction relief proceedings. (2) That Herren was denied effective assistance of counsel for a number of reasons, including (a) original court-appointed counsel did not have the qualifications and experience or training to be involved in a murder case; (b) original court-appointed counsel

had a conflict of interest with one of the key prosecution witnesses; (c) original court-appointed counsel failed to call witnesses or investigate the diminished capacity or intoxication defenses; (d) original court-appointed counsel advised Herren to enter a plea prior to hearing the outcome of a motion to suppress; (e) Herren was pressured by original court-appointed counsel to enter his plea, thereby making it involuntary; (f) original court-appointed counsel placed information in the presentence report which was prejudicial to Herren; and (g) the court failed to allow rebuttal testimony or grant a continuance after the hearing on post conviction relief on December 23, 1981. We have now carefully examined all the assignments of error and determine that they are wholly without merit. The action of the trial court in denying post conviction relief should be affirmed.

In order to fully appreciate how very frivolous the appeal in this case is, it is necessary that we quickly review the facts of the original case. Herren was charged in a two-count information. The first count charged him with murder in the first degree, in violation of Neb. Rev. Stat. § 28-303 (Reissue 1979). This offense may be either a Class I or Class IA felony and punishable by either death or life imprisonment. The second count charged Herren with attempted first degree murder, in violation of Neb. Rev. Stat. § 28-201 (Reissue 1979), a Class II felony. A Class II felony is punishable by imprisonment of not less than 1 nor more than 50 years. There is no factual dispute with regard to the commission of the crimes. The evidence clearly established that on the evening of May 26, 1980, Herren, accompanied by Denise Slater, went to Marilyn Carlson's apartment. He stabbed Carlson once in the shoulder in the presence of Slater. Believing her to be dead, he next went to the home of Darvon Montgomery where

he stabbed Montgomery several times and then slit his throat.

Before trial, court-appointed counsel participated in a *Jackson v. Denno* hearing. While the court's decision in that regard was pending, counsel succeeded in getting the State to file an amended information charging Herren with second degree murder of Montgomery, a Class IB felony, punishable by not less than 10 years nor more than life imprisonment, and assault in the second degree, a Class IV felony, punishable by not more than 5 years' imprisonment or a fine of $10,000, or both fine and imprisonment.

Thereafter, Herren appeared with his court-appointed counsel and, after appropriate interrogation by the trial court, entered a plea of no contest to each of the counts. The court sentenced Herren on count I, second degree murder, to a term of imprisonment of 35 years, and on count II, assault in the second degree, to a term of 20 months to 5 years. To say that Douglas Warner, Herren's original court-appointed counsel, had worked miracles in view of the circumstances would be an understatement. The evidence in the case was more than ample to have likely resulted in a conviction of both charges as originally filed, and could have resulted in Herren being executed or, at the least, sentenced to a term of imprisonment for the remainder of his natural life. We particularly make note of this fact at this point so that it can be apparent that any suggestion that Herren's original court-appointed counsel was incompetent or that Herren had ineffective assistance of counsel is wholly frivolous. Herren's original court-appointed counsel succeeded in obtaining a most generous plea bargain for Herren and, further, a most generous sentence under the circumstances.

Nevertheless, we take a moment and address the specific assignments of error raised. Turning first to the claim that the trial judge should have dis-

qualified himself, we find that Herren's basis for this claim is founded upon some assertion that the trial court was prejudiced because one of the victims was an alcohol counselor who had close ties with the judicial process in Scotts Bluff County, and because the trial judge who heard the post conviction action was the judge in the original action. Herren's claim of error in this regard is summed up in his brief in the following manner: "The familiarity of the Court with the judicial officers, support staff, and the Public Defender's office gave the appearance of unfairness or impropriety which did not lend itself to proper administration of the law, and Judge Hippe should have removed himself from the post-conviction proceeding." The assertion, of course, is without any merit at all. There is no rule of law which automatically disqualifies a judge who has presided at a trial from subsequently considering a post conviction proceeding. In *Liberty Finance Corp. v. Jones,* 184 Neb. 529, 533, 169 N.W.2d 289, 292 (1969), we specifically said: "A district judge is not disqualified to hear a case because he previously presided in a proceeding involving one of the parties." Moreover, it is a well-established rule in this jurisdiction that "The overruling of a motion to disqualify a trial judge on the ground of his bias and prejudice will be affirmed on appeal unless the record establishes bias or prejudice as a matter of law." *State v. Davis,* 198 Neb. 823, 826, 255 N.W.2d 434, 436 (1977). The record is totally devoid of any evidence to support Herren's contention that the trial judge was in any manner prejudiced in this case.

Herren next asserts in a series of ways that he was denied the effective assistance of counsel. His first claim is that his original court-appointed counsel did not have sufficient experience or training in cases of this nature and failed to adequately advise or represent Herren. For reasons which should be obvious

from what we have already described, the assignment is wholly without merit. It is well established that an attorney is required to "perform at least as well as a lawyer with ordinary training and skill in the criminal law in his area, and that he conscientiously protect the interests of his client." *State v. Leadinghorse,* 192 Neb. 485, 489, 222 N.W.2d 573, 577 (1974). Furthermore, it is clear that the person challenging the competency of counsel has the burden of proof to establish that incompetence and, further, to demonstrate how the alleged inadequacy was prejudicial. See, *State v. Holloman,* 209 Neb. 828, 311 N.W.2d 914 (1981); *State v. Colgrove,* 207 Neb. 496, 299 N.W.2d 753 (1980). The result obtained by court-appointed counsel in this case dispels Herren's claim that his counsel was incompetent, and that assignment is wholly without merit.

Herren's further contention that he was denied effective assistance of counsel because of a conflict in interest is likewise unsupported in the record. The record reflects that court-appointed counsel, who was a member of the public defender's office, had, at an earlier date, represented Denise Slater on a charge of driving while intoxicated. Immediately upon his assignment to the Herren case on May 27, 1980, all communications between his office and Slater ceased and he filed a motion to withdraw from her case. The motion was formally granted on June 9, 1980. There is no evidence in the record to support any claim of a conflict in interest. In order to demonstrate a violation of one's sixth amendment rights a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance. See, *Cuyler v. Sullivan,* 446 U.S. 335, 348-50, 100 S. Ct. 1708, 64 L. Ed. 2d 333 (1980); *State v. Pope,* 211 Neb. 425, 318 N.W.2d 883 (1982). Herren fails to produce any evidence to establish this alleged conflict of interest.

As to the balance of Herren's claims, we may

easily dispose of them. An examination of this record, both at the original hearing and on post conviction relief, amply discloses that Herren was fully knowledgeable of all that was taking place and that he freely and voluntarily entered his plea of no contest. We have frequently held that a plea of guilty or nolo contendere, freely and voluntarily made, waives every defense to the charge, whether the defense is procedural, statutory, or constitutional. See *State v. Country,* 202 Neb. 509, 276 N.W.2d 110 (1979). In view of that fact, Herren's claim that counsel failed to call witnesses or failed to raise the defense of diminished capacity, which does not exist in Nebraska, is without merit. Nor does his contention that counsel did not wait for the outcome of the motion to suppress have any merit. Once Herren voluntarily entered his plea of no contest, the court's ruling on the motion to suppress was irrelevant.

Herren's contentions that he was pressured into pleading to the reduced charges and that counsel inadequately represented him by presenting psychiatric reports and medical journal articles to the court are almost ridiculous in view of what Herren otherwise likely faced, absent his taking counsel's advice.

"It is well established that one seeking post conviction relief has the burden of establishing the basis for such relief and that the findings of the District Court in denying relief will not be disturbed on appeal unless they are clearly erroneous." *State v. Paulson,* 211 Neb. 711, 713, 320 N.W.2d 115, 117 (1982). Moreover, in order to maintain a claim of ineffective counsel, the record must affirmatively support the claim. See *State v. Meredith, ante* p. 109, 321 N.W.2d 456 (1982). The record in this case not only fails to support the claim but amply supports a finding that Herren was not only adequately represented but was extremely well represented. The action of

the trial court in denying post conviction relief must be affirmed.

Court-appointed appellate counsel was confronted with an extremely difficult task and effectively carried out that task in spite of extremely difficult obstacles.

The judgment is affirmed.

AFFIRMED.

McCOWN, J., participating on briefs.