STATE OF NEBRASKA, APPELLEE, V.
NATHANIEL DECKARD, JR., APPELLANT.
722 N.W.2d 55

Filed October 6, 2006.    No. S-05-871.

Nathaniel Deckard, Jr., pro se.

Jon Bruning, Attorney General, and James D. Smith for appellee.

WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ., and HANNON, Judge, Retired.

STEPHAN, J.

Nathaniel Deckard, Jr., appeals from an order of the district court for Douglas County denying his motion for postconviction relief following an evidentiary hearing. We find no error and affirm the judgment of the district court.

## I. BACKGROUND

On June 26, 1973, Deckard was charged by information with first degree murder for a killing in the perpetration of or the attempt to perpetrate a robbery in Douglas County. His appointed counsel filed a motion to suppress all oral, written, or recorded statements taken from Deckard by Omaha police. Deckard escaped from custody before the motion was resolved. He was subsequently located in Georgia, where he was serving a sentence for a robbery conviction. Deckard ultimately entered into a plea agreement in Nebraska in which he pled guilty to a reduced charge of second degree murder and also pled guilty to the escape charge. On April 25, 1974, he was sentenced to life in prison on the second degree murder conviction and to 10 years in prison on the escape conviction. Pursuant to the plea agreement, the sentences were ordered to be concurrent, and it was further ordered that Deckard's time of confinement in Georgia on the robbery conviction would count toward fulfillment of the murder and escape sentences in Nebraska.

Deckard was released on parole after serving 12½ years. His parole was revoked due to a misdemeanor theft charge and drug use in 1995, and he has been incarcerated since that time. On May 7, 2002, he filed a motion for postconviction relief. After conducting an evidentiary hearing, the district court denied postconviction relief. Deckard filed this timely appeal from the order denying postconviction relief, and we removed the appeal to our docket pursuant to our statutory authority to regulate the caseloads of the appellate courts of this state. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995). Additional facts relevant to the analysis will be discussed therein.

## II. ASSIGNMENTS OF ERROR

Deckard assigns, consolidated, restated, and renumbered, that the district court erred in (1) failing to find that his due process rights were violated by the lack of a verbatim record of certain

proceedings held in 1973 and 1974, (2) taking judicial notice of docket entries, (3) failing to find that his trial counsel was ineffective for failing to file an appeal after being requested to do so, (4) failing to find that his trial counsel was ineffective in not securing Deckard's presence at a suppression hearing, (5) failing to find that his trial counsel was ineffective for advising him to plead guilty to an amended charge of second degree murder, (6) failing to find that an admission by his trial counsel was prejudicial to Deckard's defense, (7) failing to address Deckard's claims of ineffective assistance of postconviction counsel, and (8) failing to observe the canon of impartiality by purveying false information in the final order.

## III. STANDARD OF REVIEW

A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. *State v. Wagner*, 271 Neb. 253, 710 N.W.2d 627 (2006); *State v. Rieger*, 270 Neb. 904, 708 N.W.2d 630 (2006).

## IV. ANALYSIS

### 1. LACK OF VERBATIM RECORD

The record establishes that sometime before November 14, 1978, the stenographic notes of the proceedings on Deckard's motion to suppress, plea, and sentencing were inadvertently destroyed. It is therefore impossible to prepare a transcript or bill of exceptions of the criminal proceedings.

The record does, however, contain the docket sheet from the criminal case, which includes the following entry for August 29, 1973: "Plaintiff appeared by counsel . . . . Defendant present with counsel . . . . Evidence adduced by Defendant in support of his Motion to Suppress filed August 29, 1973, and by Plaintiff in opposition thereto." The judge's initials appear next to this entry. A docket entry dated April 15, 1974, provides:

Defendant present with counsel . . . . Plaintiff represented . . . . With leave of Court plaintiff filed an amended Information charging Second Degree Murder. Defendant waived preliminary hearing and service of a copy of the Information 24 hours heretofore. Defendant was arraigned and after advise [sic] by the Court as to his rights, defendant

voluntarily, knowingly and intelligently entered a plea of guilty to the amended Information and thereupon was adjudged by the Court to be guilty as charged and a judgment of conviction entered thereon.

The judge's initials appear next to this entry. A docket entry dated April 25, 1974, states: "Defendant present in Court with counsel . . . . Defendant was informed of conviction for the crime of second degree murder and stated no reason why sentence should not be passed against him." The judge's initials appear next to this entry.

Deckard contends that the lack of a verbatim record of the proceedings violates his due process rights. In a similar situation, the U.S. Supreme Court held that no constitutional rights were violated. *Norvell v. Illinois*, 373 U.S. 420, 83 S. Ct. 1366, 10 L. Ed. 2d 456 (1963). The defendant in *Norvell* was convicted of murder in 1941. Although he was indigent, he had counsel at the time of trial. He did not appeal. In 1956, the defendant requested a stenographic record of his trial. The official court reporter had died, and no one could read his shorthand notes. Efforts to reconstruct the trial through the testimony of persons who had attended were unsuccessful, and thus in 1956, it was not possible for Illinois to supply the defendant with adequate appellate review of his conviction. The U.S. Supreme Court reasoned that although *Griffin v. Illinois*, 351 U.S. 12, 76 S. Ct. 585, 100 L. Ed. 891 (1956), held that an indigent defendant could not be denied a direct appeal, "[w]hen, through no fault of the State, transcripts of criminal trials are no longer available because of the death of the court reporter, some practical accommodation must be made." *Norvell*, 373 U.S. at 424. The Court concluded that under the circumstances, the defendant's right to due process was not violated.

■ Notably, the instant case involves a postconviction proceeding, not a direct appeal. Moreover, in Nebraska the controlling rule is that in appellate proceedings, unless there is proof to the contrary, the journal entry in a duly authenticated record of the trial court imports absolute verity. *Alder v. First Nat. Bank & Trust Co.*, 241 Neb. 873, 491 N.W.2d 686 (1992). The judge's entries on the docket sheet in the record before us provide an adequate basis for our review of Deckard's postconviction claims.

We conclude that the lack of a verbatim record of the proceedings does not violate Deckard's right to due process.

## 2. Judicial Notice

During the postconviction evidentiary hearing, the State requested that the court take judicial notice of all the court files and records related to Deckard's postconviction claims. Deckard's counsel did not object, and the court took judicial notice of its files and records. After the conclusion of the evidentiary hearing, Deckard filed pro se objections to the taking of judicial notice. The court allowed him to make a record of his objections. Deckard argued, generally summarized, that judicial notice of the record, particularly the docket sheet, was improper because he disputed its factual accuracy.

█ In its order denying postconviction relief, the court noted that it was proper for it to take judicial notice of the file, records, and docket sheet in the prior proceeding, as all related to the case upon which Deckard sought postconviction relief. When cases are interwoven and interdependent and the controversy involved has already been considered and determined by the court in the former proceedings involving one of the parties now before it, the court has a right to examine its own records and take judicial notice of its own proceedings and judgments in the former action. *Strunk v. Chromy-Strunk*, 270 Neb. 917, 708 N.W.2d 821 (2006). Neb. Rev. Stat. § 29-3001 (Reissue 1995) specifically authorizes a district court to review "files and records of the case" in a postconviction proceeding. Although Deckard disputes the factual accuracy of the journal entries, the district court found that his testimony was not credible. We find no error in the decision of the district court to take judicial notice of its docket sheet in the criminal proceeding.

## 3. Ineffective Assistance of Counsel

█ Deckard contends that he is entitled to postconviction relief because his trial counsel was ineffective. Normally, a voluntary guilty plea waives all defenses to a criminal charge. However, in a postconviction action brought by a defendant convicted because of a guilty plea, a court will consider an allegation that the plea was the result of ineffective assistance of counsel. *State v. McDermott*, 267 Neb. 761, 677 N.W.2d 156 (2004).

In order to establish a right to postconviction relief based on a claim of ineffective assistance of counsel at trial or on direct appeal, the defendant has the burden first to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area. Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case. The two prongs of this test, deficient performance and prejudice, may be addressed in either order. *State v. Marshall*, 269 Neb. 56, 690 N.W.2d 593 (2005). When a conviction is based upon a guilty plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *State v. Thomas*, 262 Neb. 138, 629 N.W.2d 503 (2001).

### (a) Failure to Appeal

■ Deckard's initial contention is that his trial counsel failed to file a direct appeal after being directed to do so. After a trial, conviction, and sentencing, if counsel deficiently fails to file or perfect an appeal after being so directed by the criminal defendant, prejudice will be presumed and counsel will be deemed ineffective, thus entitling the defendant to postconviction relief. *State v. Caddy*, 262 Neb. 38, 628 N.W.2d 251 (2001); *State v. Hess*, 261 Neb. 368, 622 N.W.2d 891 (2001). At the evidentiary hearing on the postconviction motion, Deckard testified that he asked his trial counsel to file an appeal on the excessiveness of his sentences within 5 days of the 1974 sentencing. His trial counsel, however, testified that Deckard never requested an appeal and that counsel specifically discussed the effect the plea bargain would have on Deckard's appeal rights. The district court found that the testimony of trial counsel was credible and that the evidence did not support Deckard's claim. We find no clear error in this finding and affirm that there was no ineffective assistance of counsel in this regard.

### (b) Attendance at Suppression Hearing

As noted, there is no verbatim record of the suppression hearing. Deckard claims that no suppression hearing occurred and that even if it did, he was not permitted to attend. He alleges that

his trial counsel was ineffective for failing to ensure his attendance at the hearing.

Deckard's trial counsel testified that there was a suppression hearing at which Deckard attended and testified. The docket entry, initialed by the trial judge, states that the suppression hearing was held on "8 29 73" and that "[d]efendant [was] present with counsel." Based on this record, we conclude that the district court was not clearly erroneous in determining that a suppression hearing took place and that Deckard was present at the hearing. Trial counsel was not ineffective in this respect.

### (c) Advising Deckard to Plead Guilty to Second Degree Murder

Deckard contends that his trial counsel was ineffective for advising him to plead guilty to the second degree murder charge. His argument is based on the premise that counsel's performance was deficient because he failed to inform Deckard that the motion to suppress was still pending at the time the plea was entered into.

The motion to suppress sought to exclude from evidence "all statements, oral, written or recorded, taken from [Deckard] on or about June 2, 1973, by the Omaha Police Department" on the basis that the statements were involuntary. Shortly after the crimes were committed and after Deckard had been arrested, he gave at least two statements to police. In the first statement, he admitted to the killing but denied that it was committed in the course of a robbery. In the second statement, he admitted that the killing was done in the course of a robbery or an attempted robbery. This second statement was recorded. Although his argument is not clear, Deckard generally contends that both statements were inadmissible evidence that should have been suppressed.

At the evidentiary hearing on the postconviction motion, Deckard's trial counsel testified about what occurred with respect to the statements during the suppression hearing. According to counsel, one police officer swore the initial nonrobbery confession was never recorded, one officer thought it might have been, and one officer testified that it was and that he erased it at the direction of another officer. Trial counsel also testified about the substance of Deckard's testimony at the suppression hearing.

According to trial counsel, Deckard testified that he initially confessed to the murder but in doing so, explained that it did not take place during a robbery. Deckard testified that he later told the police that the murder was committed during a robbery because he was coerced by the police into believing such a confession would result in a lesser charge.

The record reveals that the motion to suppress was never ruled upon. Deckard generally argues that trial counsel was ineffective for advising him to plead guilty prior to the resolution of the suppression motion. At the time the plea was entered, Deckard was facing a charge of first degree murder, with a maximum sentence of death. He also was facing an escape charge and had time remaining on a sentence in Georgia. His trial counsel succeeded in getting the first degree murder charge reduced to second degree murder and in having the sentence on the escape conviction and the Georgia sentence run concurrent to the second degree murder sentence. Deckard was ultimately sentenced to a term of life imprisonment on the murder conviction, which at the time meant a maximum of life imprisonment and a minimum of 10 years' imprisonment prior to the time he would be eligible for parole. See Neb. Rev. Stat. §§ 28-402 (Reissue 1964) and 83-1,105 (Cum. Supp. 1974). The record reflects that he was paroled after serving 12½ years.

We addressed a somewhat similar situation in *State v. Herren,* 212 Neb. 706, 325 N.W.2d 151 (1982). In *Herren,* the defendant was originally charged with first degree murder and attempted first degree murder. A motion to suppress was filed. While the court's decision on the motion was pending, trial counsel succeeded in persuading the State to file an amended information charging the defendant with second degree murder and second degree assault. The defendant entered a plea of no contest to the reduced charges and was ultimately sentenced to a term of 35 years' imprisonment on the second degree murder conviction and to 20 months' to 5 years' imprisonment on the assault conviction. In rejecting the defendant's claim that his trial counsel was ineffective, we cited the significant evidence against the defendant and noted that counsel did a masterful job of significantly reducing the charges. We found that the defendant's contention that trial counsel was ineffective for failing to wait for

the outcome of the motion to suppress was without merit, reasoning that once the defendant entered his plea, "the court's ruling on the motion to suppress was irrelevant." *Herren*, 212 Neb. at 712, 325 N.W.2d at 155.

In this case, considering the magnitude of the sentences Deckard faced, the potential evidence that could have been used against him at trial, and the favorable sentences negotiated in the plea agreement, we conclude that the district court did not err in concluding that trial counsel did not perform deficiently by advising Deckard to accept the plea.

### 4. TRIAL COUNSEL'S ADMISSIONS

Deckard assigns that the postconviction court erred in failing to recognize what he characterizes as the inherent prejudice to his case which came to light during the evidentiary hearing on the postconviction motion. He contends that this prejudice occurred when his trial counsel testified about the possible destruction of the tape recording of the statement in which he admitted to the killing but claimed it was not done during a robbery. This argument was not raised in his original postconviction motion. Although Deckard filed three additional pro se motions after the evidentiary hearing, none of them raised this argument. An appellate court will not consider as an assignment of error a question not presented to the district court for disposition through a defendant's motion for postconviction relief. *State v. Caddy*, 262 Neb. 38, 628 N.W.2d 251 (2001); *State v. Becerra*, 261 Neb. 596, 624 N.W.2d 21 (2001).

To the extent the argument is preserved in the record before us, we conclude that it relates to Deckard's assignment that trial counsel was ineffective for advising him to plead prior to resolution of the suppression motion, which we have already concluded is without merit.

### 5. POSTCONVICTION COUNSEL

Deckard argues that the postconviction court erred in failing to address his complaints against his postconviction counsel. These complaints were made via a series of ex parte letters written by Deckard to the district court after the postconviction evidentiary hearing. Liberally construed, the letters alleged that his postconviction counsel was ineffective for various reasons.

■ There is no constitutional guarantee of effective assistance of counsel in a postconviction action and therefore no claim for ineffective assistance of postconviction counsel. *State v. Bao*, 269 Neb. 127, 690 N.W.2d 618 (2005); *State v. Dandridge*, 264 Neb. 707, 651 N.W.2d 567 (2002). Any claim made by Deckard with respect to ineffective assistance of his postconviction counsel is without merit.

### 6. JUDICIAL IMPARTIALITY

The district court gave several reasons for its conclusion that the evidence did not support Deckard's claim that he asked his trial counsel to file a direct appeal, including the following:

> [A]t Deckard's request [trial counsel] assisted Deckard in getting him transferred to Nebraska from Georgia in July of 1977. Thus, within three years of his sentence in this case, Deckard requested and obtained [trial counsel's] professional assistance. Deckard's action in 1977 certainly negates his claim that [trial counsel] failed to comply with any request to file an appeal in 1974.

Deckard argues that there is "absolutely no truth" to this finding and that it calls into question the impartiality of the district judge. Brief for appellant at 28.

Contrary to Deckard's argument, there is some evidence in the record to support the finding. Trial counsel testified that Deckard requested that he attempt to arrange his transfer from Georgia to Nebraska to serve his sentences and that counsel took certain actions in response to this request. Although the record is somewhat ambiguous as to when this occurred, the district court's resolution of this collateral issue does not suggest bias or partiality under an objective standard of reasonableness. See *State v. Thomas*, 268 Neb. 570, 685 N.W.2d 69 (2004). This assignment of error is without merit.

### 7. MOTION FOR NEW EVIDENTIARY HEARING

■ After his appeal was fully briefed and several days before oral argument, Deckard filed a pro se "Motion for a New Evidentiary Hearing" in this court requesting that we remand the cause to the district court in order "to prevent a miscarriage of justice." In his motion, Deckard asserts various arguments and assignments of error which are not included in his brief

and, in some instances, were not raised in the district court. An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. *State v. Vasquez*, 271 Neb. 906, 716 N.W.2d 443 (2006). An appellate court will not consider as an assignment of error a question not presented to the district court for disposition through a defendant's motion for postconviction relief. *State v. Caddy*, 262 Neb. 38, 628 N.W.2d 251 (2001); *State v. Becerra*, 261 Neb. 596, 624 N.W.2d 21 (2001). We conclude that the matters asserted in the motion are not properly before us in this appeal, and we therefore overrule the motion.

### V. CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court denying Deckard's motion for postconviction relief, and we overrule his pro se motion for a new evidentiary hearing filed in this court.

AFFIRMED.

HENDRY, C.J., not participating.