STATE of Iowa, Plaintiff-Appellee,

v.

David Robert BARTILSON, Defendant-Appellant.

No. 85–38.

Court of Appeals of Iowa.

Dec. 18, 1985.

James Chipokas of Chipokas & Flitz, Cedar Rapids, for defendant-appellant.

Thomas J. Miller, Atty. Gen., Valencia Voyd McCown, Asst. Atty. Gen., and Jerry

VanderSanden, Asst. Co. Atty., for plaintiff-appellee.

Considered by OXBERGER, C.J., and DONIELSON and SACKETT, JJ.

DONIELSON, Judge.

Defendant appeals from his conviction of tampering with a witness or juror in violation of Iowa Code section 720.4 (1983). He asserts that his conviction was not supported by substantial evidence. Defendant further asserts that the trial court erred by providing jury instructions which allegedly allowed the jury to speculate upon the applicable law.

Testimony reveals that defendant and his wife, Catherin, became separated in February 1984. Catherin filed an assault charge on March 3, 1984. Prior to this trial, defendant pled not guilty and no contest to the assault charge.

According to Catherin's testimony, defendant did not abide by an agreement to return the couple's child after visitation on July 22, 1984. That evening Catherin called defendant and asked that the child be returned to her. Defendant responded, in essence, that he would not return the child unless the assault charge was dropped. Catherin subsequently removed the child from a day care center and filed the present tampering with a witness charge.

At the end of State's evidence, defendant moved for judgment of acquittal asserting that the State failed to prove the required element that he offered anything of value or benefit to Catherin. Defendant also asserted that the State failed to prove he harassed Catherin. The court overruled defendant's motion.

Defendant testified that his failure to return the child on July 22, 1984, was not in contravention of the couple's visitation agreement. Defendant denied that the July 22nd phone conversation between Catherin and himself took place. Defendant further testified that he attempted to return the child on the night of July 22, but Catherin was not home. Defendant's counsel objected to the jury instructions regarding the elements of the charged offense. The court overruled the objections.

Defendant claims that insufficient evidence existed to convict him of tampering with a witness. He directs his efforts on this issue that no bribe was offered nor a threat made to his spouse. Defendant further contends that he never intended to improperly influence his spouse so as to violate section 720.4. It is not disputed that Catherin was a witness because she had been subpoenaed. According to defendant's characterization which the State adopted, the conversation as best gleaned from the record provided:

CATHERIN: Will you bring John back to me.

DAVID: Will you drop the Assault and Battery charges against me.

CATHERIN: I won't drop the Assault and Battery charge. I have been subpoenaed.

DAVID: You can go into the courtroom and not say anything.

CATHERIN: I won't do that either. I won't drop the charges. Please bring John back.

DAVID: You had John for two weeks at the women's shelter and I couldn't see him, now I'm not going to bring him back.

CATHERIN: I won't drop the charges.

DAVID: I will see you in court.

## I.

Iowa Code section 720.4, under which defendant was convicted, provides:

A person who offers any bribe to any person who the offeror believes has been or may be summoned as a witness or juror in any judicial or arbitration proceeding, or any legislative hearing, or who makes any threats toward such person or who forcibly or fraudulently detains or restrains such person, with the intent to improperly influence such witness or juror with respect to the witness' or juror's testimony or decision in such case, or to prevent such person from

testifying or serving in such case, or who, in retaliation for anything lawfully done by any witness or juror in any case, harasses such witness or juror, commits an aggravated misdemeanor.

On appeal of a criminal conviction, the evidence is viewed in the light most favorable to the State and all reasonable inferences tending to support the conviction are viewed as established. *State v. Schrier*, 300 N.W.2d 305, 308 (Iowa 1981). To secure a conviction, we must only find sufficient evidence exists to conclude that a threat was made to Catherin with the intent to improperly influence her testimony. While defendant attacks Catherin's credibility, we are not in a position to judge credibility on appeal. *See State v. Blair*, 347 N.W.2d 416, 420 (Iowa 1984). Direct evidence of charges of tampering with a witness are commonly witnessed by only the defendant and the alleged offeree. We find no merit in defendant's assertions regarding the credibility of certain testimony because credibility matters have been determined by the jury.

■ While no previous Iowa case has dealt with the threat component of section 720.4, we adopt the definition of "threat" used in *State v. Jackson*, 305 N.W.2d 420 (Iowa 1981). In *Jackson*, a case involving the extortion and terrorism statutes, the court stated that:

> "Threaten" is defined as "to *utter* threats against"; "threat" is defined as "an *expression* of an intention to inflict evil, injury or damage on another." *Webster's Third New International Dictionary* 2382 (1976) (emphasis supplied). This usage suggests the focus in determining whether a threat has been made is upon the actions of the person expressing or uttering his or her intention to inflict evil, injury or damage.

*Id.* at 423.

■ We find sufficient evidence exists from which a rational trier of fact could find defendant had expressed an intention to inflict injury on another. *Accord State v. Graham*, 203 N.W.2d 600 (Iowa 1973); *State v. Hartung*, 239 Iowa 414, 30 N.W.2d

491 (1948). The substance of defendant's telephone conversation was that if you drop the assault charge, then I will bring you son back to you. Defendant was using his son as leverage to inflict injury on Catherin if she did not further pursue having the charges dropped.

As to the intent to improperly influence Catherin's testimony, we find *State v. Halleck*, 308 N.W.2d 56 (Iowa 1981), instructive. In *Halleck*, the court held that even though an attorney asked a witness to drop charges which was not illegal in and of itself, when coupled with the offer of victim restitution, the suggestion constituted improper influence.

Similarly, defendant had previously asked Catherin to pursue dropping the charges. Such an inquiry, standing alone, is not illegal. Defendant, however, transgressed permissible bounds when he conditioned such an inquiry upon the return of the witness's son. While this is a close question, we find sufficient evidence for a jury to find defendant intended to improperly influence Catherin's testimony.

## II.

Defendant also contends the jury instructions were improper for a tampering with a witness charge because his proposed instructions would have given more meaning to the elements of "bribe" and "influence." We disagree. Defendant assumes the conviction occurred under the "bribery" component. We have already demonstrated that sufficient evidence existed to convict defendant under the "threat" component. We find it, therefore, unnecessary to determine if the issue was properly preserved or reach the merits of defendant's claim because no error was alleged as to "threat" component.

This conviction is affirmed.

AFFIRMED.