STATE of Iowa, Plaintiff–Appellee,

v.

Martin WELBORN, Defendant–Appellant.

No. 88–462.

Court of Appeals of Iowa.

April 25, 1989.

John P. Roehrick, Des Moines, for defendant-appellant.

Thomas J. Miller, Atty. Gen., and Amy M. Anderson, Asst. Atty. Gen., for plaintiff-appellee.

Heard by OXBERGER, C.J., and SCHLEGEL and HAYDEN, JJ.

SCHLEGEL, Judge.

The defendant, Martin Welborn, appeals his conviction, following a jury trial, of the offenses of willful injury and tampering with a witness. He contends that the trial court erred by overruling his motion for judgment of acquittal because insufficient evidence existed to sustain either charge against him. He further argues that the submission of the witness tampering charge prejudiced the jury and allowed an inference of guilt as to the willful injury charge. We affirm.

Defendant Welborn and a codefendant, Leroy McFadden, were charged with willful injury after an incident where another man was pulled out of his car near the drive-up window of a Hardee's restaurant in Des Moines and hit in the head and legs with a baseball bat. At trial, the State presented additional evidence that Welborn had returned to the restaurant several weeks after the incident and threatened an employee who had witnessed the beating. The jury found both defendants guilty of willful injury and found Welborn guilty also of tampering with a witness.

■ I. Welborn first contends that insufficient evidence existed to sustain the willful injury charge against him. He alleges that his codefendant, Leroy McFadden, is the person who hit the victim with a baseball bat and caused the injuries in question. He asserts that his part in the incident was limited to opening the victim's car door and "helping" him out. He further argues that the record is devoid of any evidence that he had the criminal intent necessary for a conviction of willful injury.

■ As the State correctly points out, our review in this matter is on assigned error. Iowa R.App.P. 4. Thus, the determinative question raised by defendant's claim is whether the record contains substantial evidence that he aided and abetted McFadden in willfully injuring the victim. As the Iowa Supreme Court stated in *State v. Lott,* 255 N.W.2d 105, 107 (Iowa 1977):

> One cannot be convicted of a crime upon a theory of aiding and abetting unless there is substantial evidence to show he assented to or lent countenance and approval to the criminal act either by active participation in it or by some manner encouraging it prior to or at the time of its commission. Guilt may be established by circumstantial evidence. Knowledge is essential, but neither knowledge nor presence at the scene of the crime is sufficient to prove aiding and abetting. *State v. Barnes,* 204 N.W.2d 827, 828 (Iowa 1972).

Furthermore, where intent is an element of the crime charged, as is the case here, a person may be convicted on a theory of aiding and abetting if he participates either with the requisite intent himself or with knowledge that the principal possesses the required intent. *Id.* at 109 (citing *State v. Kneedy,* 232 Iowa 21, 28, 3 N.W.2d 611, 615 (1942)).

Under these standards, we believe the evidence was sufficient in this case to sustain the defendant's conviction. The overwhelming amount of evidence establishes that Welborn was not merely present at the scene of the crime, but that he actively participated in pulling the victim out of his car, enabling his codefendant to hit the victim twice with a baseball bat. Further evidence indicates that Welborn "cussed and yelled" at the victim prior to the beating. Although the evidence fails to establish that Welborn himself hit the victim with the bat, we are convinced, beyond a reasonable doubt, that Welborn was fully aware of McFadden's intent to seriously injure the victim. *See State v. LeGear,* 346 N.W.2d 21, 23 (Iowa 1984).

II. Welborn also contends that the witness tampering charge against him was not supported by sufficient evidence.

■ Tampering with a witness is prohibited by Iowa Code section 720.4 (1987), which provides:

A person who offers any bribe to any person who the offeror believes has been or may be summoned as a witness or a juror in any judicial or arbitration proceeding, or any legislative hearing, or who makes any threats toward such person or who forcibly or fraudulently detains or restrains such person, with the intent to improperly influence such witness or juror with respect to the witness' or juror's testimony or decision in such case, or to prevent such person from testifying or serving in such case, or who, in retaliation for anything lawfully done by any witness or juror in any case, harasses such witness or juror, commits an aggravated misdemeanor.

As the supreme court recently noted, "[t]his statute provides three separate methods of committing the offense: (1) offering a bribe, (2) making threats or forcibly or fraudulently detaining or restraining, or (3) harassing in retaliation." *State v. LaPointe*, 418 N.W.2d 49, 51 (Iowa 1988). The trial information in the case at bar charged the defendant with threatening the witness. The defendant argues that since, at the time the alleged threat was made, no criminal charge had actually been filed, he could not have known that the employee had been summoned as a witness, and that the evidence failed to generate a jury question.

We disagree with defendant's reading of the statute in question. Defendant's argument essentially urges us to read an additional requirement into the threat alternative of this statute, that a criminal charge must exist for which a witness must actually have been summoned, in order for a defendant to be convicted under this section of the statute. We disagree. In *State v. Bartilson*, 382 N.W.2d 479, 481 (Iowa App.1985), this court dealt specifically with the threat component of section 720.4, and adopted the definition of "threat" used in *State v. Jackson*, 305 N.W.2d 420, 423 (Iowa 1981):

> "Threaten" is defined as "to *utter* threats against"; "threat" is defined as "an *expression* of an intention to inflict evil, injury or damage on another." (Citation omitted). This usage suggests the

focus in determining whether a threat has been made is upon the actions of the person expressing or uttering his or her intention to inflict evil, injury or damage. *Bartilson*, 382 N.W.2d at 481 (emphasis in original).

Utilizing this standard, we find that sufficient evidence exists to support Welborn's conviction under section 720.4. Welborn's behavior in returning to the scene of the crime, identifying the witness and calling her by name, as well as his threats of harm towards her if she "[said] anything," support the reasonable inference that Welborn intended to inflict harm on a person he believed to be a potential witness. We thus find defendant's claim to be without merit.

**III.** Welborn last contends that if the trial court erred in submitting the witness tampering charge, the case must be reversed because the jury may have used the evidence of tampering to infer the requisite intent to commit willful injury. In view of our decision in section II, supra, we need not consider this claim.

We affirm defendant's convictions in toto.

AFFIRMED.