# IN THE COURT OF APPEALS OF IOWA

No. 17-0200
Filed February 21, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BRIAN SHANE WILLIAMS,**
        Defendant-Appellant.
_____


Appeal from the Iowa District Court for Jasper County, Steven J. Holwerda, District Associate Judge.


Defendant appeals his conviction for tampering with a witness. **AFFIRMED.**


Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.


Considered by Danilson, C.J., and Vaitheswaran and Bower, JJ.

**BOWER, Judge.**

Brian Williams appeals his conviction for tampering with a witness. We find the district court did not err in ruling Williams could be found guilty of tampering with his own witness and his wife's testimony was not barred by marital privilege. We find there is sufficient evidence to support Williams's conviction. Williams has not shown he received ineffective assistance of counsel. We affirm Williams's conviction for tampering with a witness.

## I.        Background Facts & Proceedings

Williams was charged with two counts of failure to comply with the sex offender registry. The State alleged he was not living at the residence he had listed with the registry. Williams filed notice of several defense witnesses, including his wife, Beth Williams, and Samuel Martin.

According to a police report filed on May 25, 2016, by Deputy Duane Rozendaal of the Jasper County Sheriff's Office, Beth was living in a house with Martin and Lori Cupp, when Williams began living there as well. Deputy Rozendaal's report states:

> Beth was fully aware of the residence violation. . . . Beth says that she spoke to Burdess on the 24th and somehow Brian found out about that and 2 hours after she got home from work, Brian called up and was calling me every name in the book and threatening me that you are going to pay for it and that he knows he is going back to prison.

Cupp stated she was also fully aware Williams was not supposed to be living at the house. She stated Williams "mentioned he was going to call the cops and turn in their house as a drug house to get them in trouble." Martin stated Williams yelled everyone was turning against him. Martin stated it appeared

Williams wanted to fight him and he was fearful of possible retaliation from Williams.

Williams was charged with two counts of tampering with a witness, in violation of Iowa Code section 720.4 (2016), an aggravated misdemeanor. Count I was in relation to Beth, while Count II was in relation to Martin. The minutes of testimony listed the witnesses and included the police report.

Williams filed a motion to strike witnesses, claiming the minutes of testimony did not comply with Iowa Rule of Criminal Procedure 2.5(3) because they did not include "a full quote and fair statement of the witnesses' expected testimony." In the alternative, he claimed the State had failed to properly file the trial information and the charges should be dismissed. The court found the police report satisfied the requirement of informing a defendant of the substance of the witnesses' testimony and overruled the motion to strike. The court did not address the alternate motion to dismiss.

Williams also filed a motion in limine, claiming Beth could not be a witness in the tampering case due to the spousal privilege found in section 622.9. The State also filed a motion in limine, seeking a ruling prohibiting Williams from arguing he could not be guilty of tampering with a witness in regard to witnesses who were expected to testify on his behalf. The court ruled, "clearly the law regarding tampering makes no distinction whether it is a hostile witness or a friendly witness for use of a better term. Whether or not it is your own witness or whether it is someone else's witness, that is not an issue." The court determined Beth was not precluded from testifying based on section 622.9. The court found

Beth would be the victim of the tampering charge, making the spousal privilege inapplicable.

The parties entered into an agreement in which the State agreed to dismiss Count II and Williams agreed to a bench trial based on the minutes of testimony on Count I.[1] The district court found, "the State has proved beyond a reasonable doubt that the Defendant made a threat with the intent to improperly influence the testimony of Beth Williams." The court concluded Williams was guilty of tampering with a witness. Williams was sentenced to a term of imprisonment not to exceed two years. He now appeals.

## II. Motions in Limine

**A.** Williams claims the district court erred by granting the State's motion in limine and finding a charge of tampering with a witness could include a factual situation where a defendant tampered with his own witness. Williams does not provide any legal support for his claims on this issue. "Failure to cite authority in support of an issue may be deemed waiver of that issue." Iowa R. App. P. 6.903(2)(g)(3). Furthermore, the language of section 720.4 does not support Williams's argument, which refers to "any person who the offeror believes has been or may be summoned as a witness or juror." The statute does not distinguish between witnesses called by a party and those called by an opposing party.

**B.** In his motion in limine, Williams claimed Beth could not testify against him on the charge of tampering with a witness due to the marital privilege

---

[1] The agreement also included a probation revocation matter and other pending charges. The parties agreed any sentence in this case would be served concurrently with sentences Williams was already serving due to the revocation of his probation.

in section 622.9. He stated Beth should not be permitted to testify concerning her telephone conversation with Williams in which she asserted he threatened her. Our review of this issue is for the correction of errors at law. *State v. Hastings*, 466 N.W.2d 697, 699 (Iowa Ct. App. 1990).

Under section 622.9, "Neither husband nor wife can be examined in any case as to any communication made by the one to the other while married, . . . ." The marital privilege statute is very broad. *Hastings*, 466 N.W.2d at 699. However, it is not absolute. *State v. Anderson*, 636 N.W.2d 26, 31 (Iowa 2001). It does not apply to crimes committed by one spouse against the other or to evidence of child abuse committed by a spouse upon a child of the family. *Id.* at 31, 36; *see also State v. Countryman*, 572 N.W.2d 553, 561 (Iowa 1997).

The district court found this case involved an allegation of a crime committed by Williams against his spouse, and therefore, the marital privilege would not apply. The court noted Williams made threats against Beth and those threats formed the basis for the charge of tampering with a witness. We find the district court did not err in its conclusion this case involved the allegation of a crime by one spouse against the other spouse, making the marital privilege inapplicable. *See Hastings*, 466 N.W.2d at 699 (stating there is an exception to the marital privilege for "crimes against one spouse by the other").

### III.    Sufficiency of the Evidence

Williams claims there is not sufficient evidence in the record to support his conviction. Our review of a challenge to the sufficiency of the evidence is for correction of errors at law. *State v. Tipton*, 897 N.W.2d 653, 692 (Iowa 2017). "We will uphold a verdict if it is supported by substantial evidence." *Id.*

Section 720.4 provides:

> A person who offers any bribe to any person who the offeror believes has been or may be summoned as a witness or juror in any judicial or arbitration proceeding, or any legislative hearing, or who makes any threats toward such person or who forcibly or fraudulently detains or restrains such person, with the intent to improperly influence such witness or juror with respect to the witness' or juror's testimony or decision in such case, or to prevent such person from testifying or serving in such case, or who, in retaliation for anything lawfully done by any witness or juror in any case, harasses such witness or juror, commits an aggravated misdemeanor.

The district court found the State had to prove (1) Williams made a threat towards Beth, (2) he believed Beth had been or may be summoned as a witness in a judicial proceeding, and (3) he made the threat with the intent to improperly influence Beth's testimony.

**A.** Williams claims the minutes of testimony do not specify facts which would support a charge of tampering with a witness. He argues his statement, "you are going to pay for it," was not a threat and could have meant Beth would be deprived of his society and support if he was sent to prison. In determining whether a threat has been made, we focus "upon the actions of the person expressing or uttering his or her intention to inflict evil, injury, or damage." *State v. Bartilson*, 382 N.W.2d 479, 481 (Iowa Ct. App. 1985). The minutes state Williams called Beth every name in the book and threatened her by stating she was "going to pay for it." Beth's statement to Deputy Rozendaal explicitly stated Williams had threatened her. We find the minutes sufficiently support a finding Williams made threats toward Beth.

**B.** Williams claims Beth had not been summoned to appear at his criminal trial for violations of the requirements of the sex offender registry and it

was unlikely she would be called as a witness because her testimony was not expected to help him. Deputy Rozendaal's report states Beth was scheduled to testify the day after he spoke to her. Beth told Deputy Rozendaal the case was regarding a sex offender registry violation. Furthermore, section 920.4 does not require a witness to actually have been summoned as a witness, it is enough if the witness may be summoned. *State v. Welborn*, 443 N.W.2d 72, 74 (Iowa Ct. App. 1989). The minutes provide substantial evidence to show Beth had been or may have been summoned as a witness in a judicial proceeding.[2]

**C.** Williams also claims the minutes of testimony do not support a finding he attempted to improperly influence or prevent Beth from testifying. Although Beth was listed as a witness for Williams on his trial for a sex offender registry violation, the minutes show Beth was aware of Williams's residence violation and spoke to Deputy Burdess.[3]

The district court found:

> The Defendant contacted Beth Williams two days before his trial and two hours after she had talked to Officer Burdess. He was upset about his upcoming trial. He knew that she was aware of his residence violation. He was angry that "everyone" had turned against him. He said he knew he was going back to prison and she was going to pay. Beth Williams felt threatened by his call and his comments. Unless Beth Williams testified against him, she would have nothing to do with his going back to prison. Unless she testified against him, she would have nothing to pay for. Unless she testified against him, she would not have turned against him. The only logical and rational conclusion is that the Defendant threatened Beth Williams with the specific intent to improperly

---

[2] Beth was listed as a witness in Williams's notice of defense witnesses.

[3] Williams complains the minutes refer only to "Burdess," while the district court called him Officer Burdess. During arguments on the motion in limine, defense counsel stated, "And according to [Beth], he was yelling at her and calling her names, and this was some time after a conversation she apparently had with a deputy." This is the only information we have as to the identity of Burdess, so we will refer to him as Deputy Burdess.

influence her testimony. The Court finds the State has proved beyond a reasonable doubt that the Defendant made a threat with the intent to improperly influence the testimony of Beth Williams.

We conclude the minutes of testimony sufficiently support a finding Williams made threats against Beth with the intent to improperly influence her testimony.

## IV. Ineffective Assistance

Williams claims defense counsel should have filed a motion to dismiss because the trial information does not charge a crime as a matter of law. He states the attached minutes of testimony are deficient in describing the alleged crime. He points out the trial information alleged he engaged in tampering with a witness, Beth, by harassment. Williams states the district court found he had threatened Beth, which he claims is sufficiently different so the offense for which he was convicted is not the same offense set out in the trial information.

We conduct a de novo review of claims of ineffective assistance of counsel. *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). To establish a claim of ineffective assistance of counsel, a defendant must prove (1) counsel failed to perform an essential duty and (2) prejudice resulted to the extent it denied the defendant a fair trial. *Id.* A defendant's failure to prove either element by a preponderance of the evidence is fatal to a claim of ineffective assistance. *State v. Polly*, 657 N.W.2d 462, 465 (Iowa 2003).

A motion to dismiss is granted only if the trial information does not charge a crime as a matter of law. *State v. Gonzalez*, 718 N.W.2d 304, 307 (Iowa 2006). Here, the trial information alleged Williams committed the offense of tampering with a witness, in violation of section 720.4, and was not deficient as a matter of law. We have already determined the facts, as set out in the minutes of

testimony, support a finding Williams was guilty of tampering with a witness. Although the minutes of testimony allege Williams committed tampering by harassment with the intent to improperly influence Beth, harassment may be committed by threats. *See State v. Button*, 622 N.W.2d 480, 483-84 (Iowa 2001) (considering defendant's threats in analysis of the sufficiency of the evidence to support a conviction for harassment). We conclude Williams has not shown he received ineffective assistance because defense counsel did not file a motion to dismiss on the grounds of the inadequacy of the trial information.

We affirm Williams's conviction for tampering with a witness.

**AFFIRMED.**